404 S.E.2d 420

**Virginia Sue O'NEAL, Administratrix of the Estate of Walter James; Frank James; Nell Virginia James; Eugene R. O'Neal; and Virginia Sue O'Neal, Plaintiffs Below, Appellants**

v.

**PEAKE OPERATING COMPANY, a Corporation, Defendant Below, Appellee.**

No. 19723.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 9, 1991.

Decided April 17, 1991.

---

**30**

Robert B. Sayre, The Sayre Law Offices, L.C., Beckley, for plaintiffs below, appellants.

Daniel R. Schuda, Steptoe & Johnson, Charleston, for defendant below, appellee.

PER CURIAM:

This case is before us on appeal by Virginia Sue O'Neal, Administratrix of the Estate of Walter James, deceased; Frank James; Nell Virginia James; Eugene R. O'Neal; and Virginia Sue O'Neal, plaintiffs below, from an order of the Circuit Court of Raleigh County entered March 19, 1990. This order denied the plaintiffs' motion for prejudgment interest on an award of compensatory damages for trespass to their real estate by Peake Operating Company (Peake). Peake also asserts two cross-assignments of error.

A brief summary of the facts is necessary to explain our disposition of the case. In December, 1982, Peake, claiming a right under a mineral lease, entered the plaintiffs' property and constructed an underground natural gas pipeline. In February, 1983, the plaintiffs brought an action for trespass.

In a June, 1987 pretrial order, the circuit court held that Peake was an intentional trespasser on the plaintiffs' land. The case then went to trial solely on the issue of damages. At the trial, held in June, 1987, the jury awarded the plaintiffs $61,250 in damages. On Peake's motion, the verdict was set aside, and a new trial was granted.

A second trial was held in 1989. In the pretrial order, the parties stipulated as to Peake's liability for the trespass, but not as to whether the trespass was intentional. The jury was instructed that Peake could be held liable for the cost of restoration of the property, for the value of the right to use the property, and for any annoyance or inconvenience caused to the plaintiffs. The jury returned a verdict on special interrogatories awarding the plaintiffs $10,000 in restoration costs, $100,000 in other compensatory damages, and no punitive damages.

Peake again filed a motion to set aside the jury verdict and hold a new trial. By order entered on March 19, 1990, the circuit court denied the motion as to the $10,000 restoration costs. The court then doubled this award under W.Va.Code, 61–3B–3(d), which permits double damages for a willful trespass.[1] The court allowed prejudgment interest on the original $10,000. In addition, the court found that the award of $100,000 for other compensatory damages was excessive to the extent that it exceeded $26,134. In lieu of a third trial, the court allowed the plaintiffs a remittitur on the excess damages.

### I.

### PLAINTIFFS' ASSIGNMENT OF ERROR:

### PREJUDGMENT INTEREST

The plaintiffs contend that the circuit court erred in failing to award prejudgment interest on the $26,134 in other compensatory damages. The court apparently believed that these damages did not fit the category of special or liquidated damages under W.Va.Code, 56–6–31 (1981). We dis-

---

1. W.Va.Code, 61–3B–3(d) (1978), provides:
   "Notwithstanding and in addition to any other penalties provided by law, any person who performs or causes damage to property in the course of a willful trespass shall be liable to the property owner in the amount of twice the amount of such damage: Provided, That the provisions of this article shall not apply in a labor dispute."

agree, and remand the case to the circuit court for calculation of the interest due.

■ W.Va.Code, 56–6–31 (1981),[2] provides for prejudgment interest on special or liquidated damages. When such damages are proven, application of the statute is mandatory, as we held in Syllabus Point 1 of *Grove v. Myers*, 181 W.Va. 342, 382 S.E.2d 536 (1989):

> "Under *W.Va.Code*, 56–6–31, as amended, prejudgment interest on special or liquidated damages is recoverable as a matter of law and must be calculated and added to those damages by the trial court rather than by the jury."

■ The question to be answered is whether the "other compensatory damages" awarded by the jury and reduced by remittitur to $26,134 constitutes the type of damages on which prejudgment interest is recoverable. We find that it does under Syllabus Point 1 of *Kirk v. Pineville Mobile Homes, Inc.*, 172 W.Va. 693, 310 S.E.2d 210 (1983), where we held:

> "The law allows the recovery of prejudgment interest in cases involving damages to real property where the damages are reasonably susceptible to calculation."

See also *Hardman Trucking, Inc. v. Poling Trucking Co., Inc.*, 176 W.Va. 575, 346 S.E.2d 551, 556 (1986), *Bond v. City of Huntington*, 166 W.Va. 581, 594–97, 276 S.E.2d 539, 546–547 (1981). Liquidated damages as the term is used in W.Va.Code, 56–6–31, are such damages as are reasonably susceptible to calculation.

■ Here, the damages were readily susceptible to calculation. The $26,134 represents the value of the right to use the land. In a letter to counsel for the parties, dated January 5, 1990, discussing the remittitur, the trial judge indicated that he arrived at this figure on the basis of testimony regarding the value of the right to use the land. He stated that although he believed the figure to be excessive, it was a credibility issue which the jury had resolved in favor of the witness.

Peake argues that the award for other compensatory damages includes, as the jury was instructed, not only the value of the right to use the land, but also annoyance and inconvenience to the plaintiffs. It contends that no prejudgment interest is allowable on this part of the award because it includes amounts for annoyance and inconvenience. We do not agree because the court in its calculation of the $26,134 did not take any annoyance or inconvenience into account. This case, therefore, is remanded to the trial court for awarding prejudgment interest on the $26,134 beginning with the date of the original trespass.

### II.

### PEAKE'S CROSS–ASSIGNMENTS OF ERROR

### A.

### THE CIRCUIT COURT'S RULING THAT THE LEASE WAS INEFFECTUAL

In its first cross-assignment, Peake objects to the circuit court's ruling that its lease of the subject property was ineffectual. We decline to address this issue.

In a pre-trial order dated June 8, 1987, Judge Lilly, who presided at the first trial, ruled that Peake was an intentional trespasser. The parties were allowed five days to raise objections. There is no evidence in the record before us to indicate that either

---

2. W.Va.Code, 56–6–31 (1981), reads:
"Except where it is otherwise provided by law, every judgment or decree for the payment of money entered by any court of this State shall bear interest from the date thereof, whether it be so stated in the judgment or decree or not: Provided, that if the judgment or decree, or any part thereof, is for special damages, as defined below, or for liquidated damages, the amount of such special or liquidated damages shall bear interest from the date the right to bring the same shall have accrued, as determined by the court. Special damages includes lost wages and income, medical expenses, damages to tangible personal property, and similar out-of-pocket expenditures, as determined by the court. The rate of interest shall be ten dollars upon one hundred dollars per annum, and proportionately for a greater or lesser sum, or for a longer or shorter time, notwithstanding any other provisions of law."

party did so. Similarly, in the pretrial order for the second trial, Judge Burnside indicated that there was "no dispute as to the fact of trespass" and that liability was stipulated in the pretrial order.

◼ It is well established under our law, as we held in Syllabus Point 1 of *State Road Commission v. Ferguson*, 148 W.Va. 742, 137 S.E.2d 206 (1964):

> "Where objections were not shown to have been made in the trial court, and the matters concerned were not jurisdictional in character, such objections will not be considered on appeal."

*See also* Syllabus, *Smith v. Holloway Constr. Co.*, 169 W.Va. 722, 289 S.E.2d 230 (1982); Syllabus Point 7, *Wheeling Dollar Savings & Trust Co. v. Leedy*, 158 W.Va. 926, 216 S.E.2d 560 (1975).

◼ Having raised no objection to the finding of trespass in the first trial, and having actually stipulated liability in the second trial, Peake may not now object to these rulings. We, therefore, decline to review the various title documents on which Peake bases its claim that it had a right to enter on the property initially.

### B.

### APPLICATION OF THE STATUTORY MULTIPLIER

In its second cross-assignment, Peake challenges the application of W.Va.Code, 61–3B–3(d) (1978),[3] which doubles damages for willful trespass action. The portions of the record which we have before us do not contain any information to enable us to review the judge's determination that the trespass was willful. Although complaint is made by Peake as to the jury instructions, we are not furnished any trial testimony that the jury considered. Peake's citation to analogous cases dealing with intentional trespass for underground mining[4] is not helpful. In those cases this Court had a full evidentiary record to review the intentional trespass issue in light of the jury instructions.

◼ Rule 8 of the Rules of Appellate Procedure of the West Virginia Supreme Court of Appeals imposes the responsibility of designating the appellate record on the parties. This court may only properly consider those issues which appear in the record before us. *See Thornton v. CAMC*, 172 W.Va. 360, 363–364, 305 S.E.2d 316, 320–21 (1983). This same rule applies to cross-assignments of error, as we held in Syllabus Point 6, as modified, of *Parker v. Knowlton Construction Co.*, 158 W.Va. 314, 210 S.E.2d 918 (1975):

> "Although appellees are permitted by Rule [10(f) of the Rules of Appellate Procedure of the West Virginia Supreme Court of Appeals], to cross-assign error on appeal by pleading or by presentation in briefs, the Supreme Court of Appeals is limited in its authority to resolve assignments of nonjurisdictional errors to a consideration of those matters passed upon by the court below and fairly arising upon the portions of the record designated for appellate review."

*See also State v. Cox*, 171 W.Va. 50, 297 S.E.2d 825, 828 (1982). In the absence of an adequate record by the cross-assigning party, we will not consider the issue of application of the statutory multiplier because of a willful intentional trespass.

For the reasons stated above, this case is affirmed, in part, reversed, in part, and remanded for calculation of the prejudgment interest due on the award of $26,134 in other compensatory damages.

Remanded.

---

**3.** As to the text of W.Va.Code, 61–3B–3(d) (1978), see note 1, *supra.*

**4.** Specifically, Peake cites *Reynolds v. Pardee & Curtin Lumber Co.*, 172 W.Va. 804, 310 S.E.2d 870 (1983), and *Pan Coal Co. v. Garland Pocahontas Coal Co.*, 97 W.Va. 368, 125 S.E. 226 (1924).