413 S.E.2d 357

Calvin Eugene KEENEY, Plaintiff
Below, Appellant,

v.

Larry SHAMBLIN and D.W. Postle,
d/b/a Postle's Dairy Bar, Defendants
Below, Appellees.

No. 20062.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 25, 1991.

Decided Oct. 17, 1991.

Rehearing Denied Feb. 13, 1992.

Gregory M. Courtright, Kopelman, Collins & Dodrill, Charleston, for appellant.

Walter L. Wagner, Jr., Dunbar, for appellees.

PER CURIAM:

Calvin Eugene Keeney, plaintiff below, appeals a final order of the Circuit Court of Kanawha County, dated August 13, 1990, directing a verdict for defendant, D.W. Postle, d/b/a Postle's Dairy Bar.[1]

On January 26, 1989, Mr. Keeney sued Larry Shamblin and Mr. Shamblin's employer, Mr. Postle. In the complaint, Mr. Keeney alleged that Mr. Shamblin, while at work, assaulted him when he went into Postle's Dairy Bar to purchase a cup of coffee. The complaint further alleged that Mr. Postle breached his duty of care to a business invitee, was vicariously liable for the intentional torts of an employee, and failed to render aid to Mr. Keeney after the assault.

During trial, a hearing was conducted at which the trial court dismissed Mr. Postle from the case. The jury did, however, return a verdict for Mr. Keeney against Mr. Shamblin and awarded Mr. Keeney $20,844.81 in compensatory damages. On appeal, Mr. Keeney contends that the trial court erred in dismissing Mr. Postle from the case.

Rule 8 of the Rules of Appellate Procedure of the West Virginia Rules Supreme Court of Appeals requires the designation of an adequate record on appeal. This rule is also in accord with W.Va.Code, 58–5–6 (1923). In the present case, we have not been provided with a transcript of the testimony at trial. The only relevant portion of the designated appellate record is the transcript of the hearing at which the

---

1. Although both parties state that Mr. Postle was dismissed from the case, from the limited record provided to us on appeal, it appears that the trial court directed a verdict in his favor. *See* W.Va.R.Civ.P. 50(a).

trial court dismissed Mr. Postle and the final order. We can neither discern the reasons for the trial court's actions, nor address Mr. Keeney's contentions from the sparse record provided us. The parties in their briefs assert different factual accounts of the evidence presented at trial. Without an evidentiary transcript, we are unable to resolve them.

As we cautioned in Syllabus Point 6, in part, of *Parker v. Knowlton Construction Co.*, 158 W.Va. 314, 210 S.E.2d 918 (1975):

"[T]he Supreme Court of Appeals is limited in its authority to resolve assignments of nonjurisdictional errors to a consideration of those matters passed upon by the court below and fairly arising upon the portions of the record designated for appellate review."

See also *O'Neal v. Peake Operating Co.*, 185 W.Va. 28, 404 S.E.2d 420 (1991); *Thornton v. CAMC*, 172 W.Va. 360, 305 S.E.2d 316 (1983); *State v. Cox*, 171 W.Va. 50, 297 S.E.2d 825 (1982); *Bowman v. Barnes*, 168 W.Va. 111, 282 S.E.2d 613 (1981). In the absence of an adequate record, we cannot consider Mr. Keeney's assignments of error.

For the reasons stated above, the judgment is affirmed.

Affirmed.