# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 18-0204**  (Ohio County 17-F-20)

**Lamont D.,**
**Defendant Below, Petitioner**

**FILED**

**March 11, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Lamont D., by counsel Ann Marie Morelli, appeals the February 7, 2018, sentencing order entered in the Circuit Court of Ohio County following his convictions by a jury of one count each of third-degree sexual assault and sexual abuse by a custodian. The State of West Virginia, by counsel Julianne Wisman, filed a response in support of the circuit court's order. Petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner previously dated the mother of M.P. ("the victim"). After the couple broke up, petitioner continued to have contact with the victim and the two maintained a purported "father/daughter relationship." Indeed, at least once a month, the victim, who lived in Morgantown with her mother, was permitted to have overnight visits with petitioner at his home in Wheeling. During one such visit in the fall of 2013, when the victim was twelve years old, petitioner gave her vodka and marijuana until she was incapacitated. The victim woke up to petitioner touching her, putting his hands under her clothing, and removing her tampon. Petitioner put his fingers inside her vagina until she got out of bed and went to the bathroom to clean up the blood. Petitioner told her not to tell her mother. After the victim returned to Morgantown, petitioner sent her new clothes, a credit card with several hundred dollars on it, and money to buy a new cell phone. According to the State, the purpose of these gifts was to persuade the victim not to tell her mother about what transpired in Wheeling.

At some point, petitioner moved to Iowa but remained in contact with the victim. During the victim's freshman year in high school, she attempted to run away from home. The victim contacted petitioner who then drove from Iowa to Morgantown and picked up the victim, her cousin, and a classmate from school. Petitioner took them to a motel room and bought them alcohol and marijuana. The victim and her companions eventually left petitioner and were

1

discovered in an abandoned apartment in Morgantown by the victim's mother who had tracked the victim through her cell phone. The victim's mother took her to a local hospital to be evaluated and the victim eventually disclosed to her that petitioner had molested her in 2013. The victim's mother contacted police and, on January 29, 2017, petitioner was indicted in the Circuit Court of Ohio County on two counts of third-degree sexual assault, two counts of sexual abuse by a custodian, and one count of third-degree sexual abuse. Following a two-day jury trial, petitioner was convicted of one count of third-degree sexual assault, for which he was sentenced to one to five years in prison, and one count of sexual abuse by a custodian, for which he was sentenced to ten to twenty years.[1] The sentences were ordered to be served consecutively.[2] This appeal followed.

We first address petitioner's assignments of error related to the testimony of Sgt. Matthew Adams of the West Virginia State Police. Sgt. Adams investigated the victim's claims against petitioner and was also qualified as an expert in the field of digital forensic analysis. On appeal, petitioner argues that Sgt. Adams should not have been permitted to testify as an expert witness in this case because the State failed to properly serve petitioner with notice of Sgt. Adams's status as such, failed to produce Sgt. Adams's curriculum vitae during discovery, and failed to produce a report of Sgt. Adams's findings to petitioner or the trial court prior to trial. We find no error.

Petitioner argues that the State served notice that it would be calling Sgt. Adams as an expert witness by electronic mail and that this method of service is not permitted in criminal cases. According to petitioner (but without any citation to the record), "[w]hen the State advised the [trial] [c]ourt that it had utilized email for service[,] the [c]ourt should have sustained the objection to using Mr. Adams as an expert due to lack of notice to the defense. The [c]ourt failed to do so." We find petitioner's argument to be without merit. The record reveals that, at trial, when the State called Sgt. Adams to testify, presented his qualifications as an expert in digital forensic analysis, and moved to qualify him as such, defense counsel objected on the ground that the State failed to disclose Sgt. Adams's expert status prior to trial. In particular, defense counsel argued that

> my objection is based upon the fact that this expert – he was not disclosed as an expert witness to us. We did have the forensic report. I don't think the forensic report is expert testimony. We have no objection if he's allowed to testify as a lay witness with experience in the field, but with regards to him being an expert in the field, we'd ask that he not be permitted to do that, mainly due to the fact that it was not disclosed to us as an expert and, secondly, he is not giving expert testimony. He's just giving testimony about the contents of the report, which we have no objection to.

---

[1]The count in the indictment charging petitioner with third-degree sexual abuse was dismissed prior to trial. The jury acquitted petitioner of one count of third-degree sexual assault and one count of sexual abuse by a custodian.

[2] Petitioner was also ordered to serve twenty years of supervised probation upon release.

The State then demonstrated that it had previously filed a final witness and exhibit list that identified Sgt. Adams as an expert on the forensic examination of the digital media evidence.[3] Petitioner fails to point to anywhere in the record where it is demonstrated that the State served, or claimed to have served, this disclosure by electronic mail.[4] Regardless, it is clear that defense counsel immediately withdrew its objection and Sgt. Adams was permitted to testify. As a result, petitioner waived his right to now raise the notice issue as error on appeal. *See* Syl. Pt. 8, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995) ("A deviation from a rule of law is error unless there is a waiver. When there has been a knowing and intentional relinquishment or abandonment of a known right, there is no error and the inquiry as to the effect of a deviation from the rule of law need not be determined.") In fact, by withdrawing his objection, we find that petitioner invited the error, which further precludes appellate review of the merits of this issue. We have explained that

> "'[i]nvited error' is a cardinal rule of appellate review applied to a wide range of conduct. It is a branch of the doctrine of waiver which prevents a party from inducing an inappropriate or erroneous [ruling] and then later seeking to profit from that error. The idea of invited error is . . . to protect principles underlying notions of judicial economy and integrity by allocating appropriate responsibility for the inducement of error. Having induced an error, a party in a normal case may not at a later stage of the trial use the error to set aside its immediate and adverse consequences."

*Manor Care, Inc. v. Douglas*, 234 W. Va. 57, 69, 763 S.E.2d 73, 85 (2014) (quoting *State v. Crabtree,* 198 W.Va. 620, 627, 482 S.E.2d 605, 612 (1996)). *See also* Syl. Pt. 1, *Maples v. West Virginia Dep't of Commerce,* 197 W.Va. 318, 475 S.E.2d 410 (1996) ("A litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal."); *Shamblin v. Nationwide Mut. Ins. Co.,* 183 W. Va. 585, 599, 396 S.E.2d 766, 780 (1990) (finding "the appellant cannot benefit from the consequences of error it invited").

Additionally, petitioner argues that the trial court erred in qualifying Sgt. Adams as an expert witness because the State failed to submit his curriculum vitae or otherwise provide his

---

[3] We note that, according to the appendix record, petitioner also received notice of Sgt. Adams's expert witness status from the State's "discovery disclosure," which, according to the certificate of service, was served upon defense counsel "by handing a true copy thereof, in open Court this 16th day of May, 2017[,]" more than six months prior to trial. This disclosure clearly provided that the State intended to call Sgt. Adams as an expert witness "in the area of forensic analysis of cell phones and computers[,]" and that he "is expected to testify consistent with the previously provided Digital Forensic Analysis Report for the Apple iPhone 5s. Sgt. Adams may also testify regarding any forensic analysis of the phone and computer which have become recently known to the State."

[4] The docket sheet that was filed as part of the appendix record reflects that the "State's Final Witness and Exhibit List" and certificate of service were filed on November 21, 2017; the docket sheet does not reflect the method of filing.

qualifications prior to trial so that petitioner could "find a comparable expert to testify or to examine [Sgt. Adams's] training and . . . credibility in [the] area of forensic analysis." This argument is unavailing. As discussed above, after initially objecting to Sgt. Adams's expert testimony based on lack of notice, petitioner withdrew his objection. At no time did petitioner argue that, by not receiving the witness's curriculum vitae in advance of trial, he was foreclosed from engaging his own forensic digital analysis expert.[5] Petitioner failed to preserve the error about which he now complains. This Court has explained that

> [o]ur jurisprudence clearly establishes the doctrine that preserving error is the responsibility of the parties. It is not the role of the trial judge to present evidence; nor is it his or her responsibility to exclude or limit evidence, as provided by evidence law, except insofar as the party opposing the evidence timely and specifically requests the trial judge to do so. To be clear, the party complaining on appeal of the admission of evidence bears sole responsibility for adequately preserving the record for meaningful appellate review. In this case, the responsible parties failed to meet this critical obligation.

*Tennant v. Marion Health Care Found., Inc.*, 194 W. Va. 97, 114, 459 S.E.2d 374, 391 (1995). Thus, "'[w]here objections were not shown to have been made in the trial court, and the matters concerned were not jurisdictional in character, such objections will not be considered on appeal.' Syllabus point 3, *O'Neal v. Peake Operating Co.*, 185 W.Va. 28, 404 S.E.2d 420 (1991)." Syl. Pt. 3, *State v. Johnson*, 238 W. Va. 580, 797 S.E.2d 557 (2017).

Finally, petitioner argues that Sgt. Adams's expert testimony regarding his forensic examination of the digital media evidence was improperly admitted because the State failed to submit a report of his findings prior to trial. This assignment of error is based upon an incorrect factual premise. Even a cursory review of the record shows that defense counsel, *while in possession of a copy of Sgt. Adams's digital forensic analysis report*, clarified that Sgt. Adams would be testifying about the contents of the report, which counsel specifically "ha[d] no objection to." Indeed, subsequently, defense counsel did not object to the State's motion to move the report's admission into evidence. Clearly, therefore, petitioner's assignment of error on this issue is without merit.

Petitioner's next two assignments of error allege (1) that the trial should have been continued because there were outstanding issues as to the admissibility of evidence, the status of Sgt. Adams as an expert witness, and the questions that would be permitted to be asked during voir dire, and (2) that the video of the victim's forensic interview with a counselor, which had been determined to be inadmissible at a pre-trial hearing, was improperly admitted at trial. We address these seemingly dissimilar alleged errors together for one reason: petitioner fails to adequately develop and argue them in his brief. This Court has cautioned that "[a]lthough we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996). *See*

---

[5] We note that Sgt. Adams's digital forensic analysis of the devices he examined did not determine there to be any messages of a sexual nature between the victim and petitioner.

*also State v. Allen,* 208 W. Va. 144, 162, 539 S.E.2d 87, 105 (1999) ("In the absence of supporting authority, we decline further to review [these] alleged error[s] because [they] have not been adequately briefed."); *State v. Lilly,* 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) ("casual mention of an issue in a brief is cursory treatment insufficient to preserve the issue on appeal"); *State Dept. of Health v. Robert Morris N.,* 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) ("[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." (Citation omitted)); Syl. Pt. 6, *Addair v. Bryant*, 168 W. Va. 306, 284 S.E.2d 374 (1981) ("Assignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived."). Thus, we deem these alleged errors abandoned because they were not fully and adequately briefed.

Petitioner's remaining assignments of error allege that defense counsel was ineffective at trial. Petitioner alleges a variety of acts and omissions on the part of defense counsel, including the failure to (1) file required pleadings; (2) investigate and prepare for trial; (3) challenge Sgt. Adams's expert testimony; (4) challenge the chain of custody of photographs taken off of petitioner's phone; (5) argue constitutional violations related to the seizure of petitioner's cell phone; (6) impeach the State's key witnesses; and (7) challenge the admission of the video of the victim's forensic interview. Petitioner's assertions are, for the most part, made with no citation to the record. Nonetheless, he claims that defense counsel's conduct at trial amounted to ineffective assistance of counsel under the two-prong objective standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by this Court in *Miller*. *See Id.* at 6, 459 S.E.2d at 117, syl. pt. 5 (holding that an ineffective assistance of counsel claim requires a showing that "(1) [c]ounsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different").

This Court has instructed that allegations of ineffective assistance of counsel are generally not ripe for direct appellate review and are preferably raised in a habeas corpus action. *See Id.* at 14, 459 S.E.2d at 125; *State v. Jessie*, 225 W. Va. 21, 32, 689 S.E.2d 21, 32 (2009). Indeed,

> [t]he very nature of an ineffective assistance of counsel claim demonstrates the inappropriateness of review on direct appeal. To the extent that a defendant relies on strategic and judgment calls of his or her trial counsel to prove an ineffective assistance claim, the defendant is at a decided disadvantage. Lacking an adequate record, an appellate court simply is unable to determine the egregiousness of many of the claimed deficiencies.

*Miller*, 194 W. Va. at 15, 459 S.E.2d at 126. Thus,

> "[i]t is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an

5

ineffective assistance of counsel claim." Syl. pt. 10, *State v. Triplett,* 187 W.Va. 760, 421 S.E.2d 511 (1992).

Syl. Pt. 11, *State v. Garrett*, 195 W. Va. 630, 466 S.E.2d 481 (1995). We, therefore, decline to address petitioner's ineffective assistance claims in this appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  March 11, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison