# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**BRANDON BICKFORD,**
**Claimant Below, Petitioner**

**vs.) No. 22-ICA-276**        (Workforce Bd. of Review Case No. X-2022-0188)

**WORKFORCE WEST VIRGINIA,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brandon Bickford appeals the October 28, 2022, decision of the Workforce West Virginia Board of Review ("Board"). Workforce West Virginia ("Workforce") filed a response.[1] Mr. Bickford filed a reply. The issue on appeal is whether the Board erred in affirming the decision of the Board's administrative law judge ("ALJ"), which found that Mr. Bickford had failed to show good cause for his late appeal of a deputy's decision dated December 8, 2020, as well as whether the Board erred in denying his request for remand.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision. Accordingly, a memorandum decision reversing the Board's decision and remanding the matter for further proceedings is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure.

On March 25, 2020, Mr. Bickford left his prior employment with the full expectation of beginning employment with his current employer, a hospital, on April 6, 2020. According to Mr. Bickford, the approximate two-week gap between his end date and start date was necessary for him to complete pre-employment tasks required by his new employer. On March 30, 2020, Mr. Bickford learned that due to the COVID-19 pandemic, the hospital was delaying all orientation and new hire processes. Based on the designated record, this process was delayed a total of three times, culminating in Mr. Bickford finally beginning his new employment in July of 2020.

Due to being temporarily unemployed, Mr. Bickford signed up for Pandemic Unemployment Assistance (PUA), with an effective claim date of March 22, 2020. When

---

[1] Mr. Bickford is self-represented. Workforce is represented by Kimberly A. Levy, Esq.

1

Mr. Bickford applied for PUA, he chose regular mail as his preferred method of correspondence from Workforce regarding his claim. After being approved, Mr. Bickford filed his weekly claims through the PUA's portal as required. Mr. Bickford continued this process until he returned to work in July of 2020, at which time he stopped using the PUA's portal and stopped receiving unemployment benefits. At the time Mr. Bickford signed up for PUA, there was no notice given that Workforce could retroactively deny claims that were initially approved.

Nearly sixteen months after Mr. Bickford returned to work and ceased receiving PUA benefits, a deputy's decision was issued on December 8, 2020, denying Mr. Bickford's PUA claim and finding that an overpayment had been made to him in the amount of $6,000, which he would need to repay. According to Workforce, notice of the deputy's decision was sent to Mr. Bickford exclusively through the PUA portal on the date it was issued.[2] The period of ineligibility listed by the decision was March 29, 2020, through June 6, 2020. Pursuant to West Virginia Code of State Rules § 84-1-3.3 (2018) and West Virginia Code § 21A-7-8 (1978), Mr. Bickford had eight days from the date the decision was delivered or mailed to file an appeal, or in this case, until December 16, 2020. Mr. Bickford alleges that he did not receive any notice of the deputy's decision to deny his PUA claim until June 22, 2022, when he received a notice from a collection agency regarding the Workforce judgment. Upon receipt, Mr. Bickford went to the local Workforce office, spoke with representatives, obtained a copy of the December 8, 2020, notice, and filed a late appeal in which he stated that his appeal was untimely because he had no knowledge of the adverse decision until he received the collection notice. The December 8, 2020, notice was addressed to Mr. Bickford's address on file, which was no longer his current address, but was his address while he was receiving PUA benefits in 2020. According to Mr. Bickford, he relocated to his present address on November 10, 2021.

To initiate his appeal, Mr. Bickford checked the "appeal" box on the bottom of the December 8, 2020, form and signed the same. Critically, below his signature line, Workforce provided lines for additional information, including one that was labeled, "Address (if different than above)," it was here that Mr. Bickford listed his new address. Mr. Bickford also stated that during this visit to the Workforce office, his ID with his correct address was scanned by staff and his information was entered into Workforce's system. Workforce does not dispute that Mr. Bickford's address was never internally updated. As a result, Mr. Bickford's receipt of correspondence from Workforce was delayed due to mail forwarding by the United States Postal Service. Mr. Bickford maintains that his new address was reflected on all facsimiles and letterheads he exchanged with

---

[2] We note that there is nothing within the designated record to support Workforce's position that the decision was in fact, transmitted to Mr. Bickford through the PUA portal. Mr. Bickford also disputes Workforce's contention and maintains that he received no notice until June 22, 2022.

Workforce and the Board during his internal appeal, including when he sent a written request that the agency update his contact information.

By letter dated August 9, 2022, Workforce's office manager informed Mr. Bickford that his appeal request, "is denied inasmuch as the appeal was not timely filed and [Mr. Bickford] has failed to show good cause for the late appeal." Upon filing an appeal with the Board, the Board set the matter for an administrative hearing before its ALJ to determine whether good cause existed for the late appeal. The notice of the hearing indicates that it was mailed on August 26, 2022, and that the hearing was scheduled for September 6, 2022, at 9:40 a.m. The hearing was held and neither Mr. Bickford nor Workforce appeared. The ALJ dismissed the case based on Mr. Bickford's failure to appear and affirmed the deputy's decision. This ruling was memorialized in an order dated September 7, 2022.

Mr. Bickford maintains that because of mail forwarding, he did not receive his notice of the hearing until September 12, 2022. It was on this same day that he also received a copy of the ALJ's ruling dismissing his case for his failure to appear. The ruling noted that Mr. Bickford could file a request with the Board to have the matter remanded for a new administrative hearing, but that he was required to show good cause as to why he missed the original hearing. Mr. Bickford timely filed a request for remand with the Board wherein he detailed the issues related to Workforce continuing to mail letters to his former address, despite updating his contact information at the local Workforce office, as well as the delays he incurred for receiving correspondence due to mail forwarding. By decision dated October 28, 2022, the Board denied Mr. Bickford's request, finding "[Mr. Bickford]'s request for a remand is denied in as much as good cause was not shown." This decision also adopted and incorporated the ALJ's ruling. This appeal followed.

In this appeal, our standard of review is as follows:

> The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

Syl. Pt. 3, *Adkins v. Gatson*, 192 W.Va. 561, 563, 453 S.E.2d 395, 397 (1994).

On appeal, Mr. Bickford sets forth multiple assignments of error.[3] In sum, Mr. Bickford argues that the Board erred in adopting the ALJ's order, dismissing his appeal and affirming the deputy's decision, and that the Board erred in denying his request for

---

[3] Mr. Bickford also sets forth an assignment of error, challenging the merits of the deputy's decision. However, because his appeal was never decided on the merits, that issue is not properly before the Court in this appeal.

remand on the basis that he failed to show good cause. Upon review, we find the Board was clearly wrong in adopting the ALJ's decision. We also find the Board erred in its denial of Mr. Bickford's request for remand, and that Mr. Bickford is entitled to a hearing on the merits.

At the heart of this case, is that Mr. Bickford did not receive timely correspondence from Workforce or the Board. As a result, Mr. Bickford did not receive timely correspondence regarding his September 6, 2022, administrative hearing. This issue is compounded by Workforce's failure to send correspondence to Mr. Bickford's correct address, despite his several overt actions to update his contact information with Workforce and the Board. The efforts of Mr. Bickford and Workforce's failure to update his contact information are undisputed.

To support the rulings below, Workforce makes multiple arguments, each of which, we find unavailing. Workforce argues that Mr. Bickford is at fault for not continuing to access the portal after he stopped receiving benefits; he failed to update his contact information after he moved, even though he relocated several months after his PUA benefits ceased; he failed to respond to Workforce correspondence sent to him in the portal after his benefits ended; and that Mr. Bickford must have changed his e-mail address, otherwise he would have received the correspondence. We reject the contention that Mr. Bickford is at fault because it is based upon speculation and conjecture. Of note, Workforce fails to cite any authority to support its position. Also, Workforce's arguments would require us to assume facts not in evidence, as well as to rule on evidence not in the designated record. *See* W. Va. R. App. P. 8 (imposing responsibility of designating appellate record upon the parties); *O'Neal v. Peake Operating Co.*, 185 W. Va. 28, 32, 404 S.E.2d 420, 424 (1991) ("this Court may only properly consider those issues which appear in the record before us."). Notably, Workforce does not dispute that it received notice of the administrative hearing, and yet, failed to appear to protect its own interests regarding Mr. Bickford's request to file his late appeal. Thus, because Workforce failed to appear and present any evidence, it cannot now appear, and argue facts that are nonexistent in the record.

We further find no merit in Workforce's argument that it should not be forced to defend this action because the PUA program no longer exists, and had Mr. Bickford been diligent, the delay of this case would not have happened. Not only does Workforce cite no authority relieving its obligation to defend an appeal, but we find that the plain language of West Virginia Code § 21A-7-20 (1936) mandates the Board's participation in every case involving its decisions.[4] Finally, we take issue with Workforce's argument in response to

---

[4] West Virginia Code § 21A-7-20 states, "[t]he board shall be made a party to every judicial action which involves its decisions. The board may be represented in such actions by an attorney of the department or at the board's request, by the attorney general."

Mr. Bickford's several attempts to update his contact information. Specifically, Workforce argues that it "does not have the time or staff to compare addresses in every piece of correspondence received with the claim information listed for each claimant and to contact each claimant if there is a discrepancy in the contact information to obtain the correct address." We find this argument to be without merit, as well as somewhat suspect, considering that Workforce does not dispute that it has ignored Mr. Bickford's several attempts to update his contact information throughout this case.

Pursuant to West Virginia Code § 21A-7-8 (1978), "[u]pon appeal from the determination of a deputy, an individual shall be entitled to a fair hearing and reasonable opportunity to be heard[.]" Because Workforce failed to update Mr. Bickford's address, we find the record clearly establishes that he was not given proper notice of the September 6, 2022, administrative hearing, and that this lack of notice was solely the result of Workforce's inaction. Therefore, Mr. Bickford was denied his right to a fair hearing and reasonable opportunity to be heard on his appeal. Because Mr. Bickford was denied procedural due process, we find that the case was not properly before the ALJ on September 6, 2022, and that the Board was clearly wrong to adopt the ALJ's September 7, 2022, decision, dismissing the appeal and affirming the deputy's decision.

As a final matter, we turn to whether the Board erred in denying Mr. Bickford's request for remand. On this issue, Mr. Bickford opines that the Board erred in finding that he failed to show good cause, and that the Board's order denying his request was insufficient. We agree.

A request for remand is governed by West Virginia Code of State Rules § 84-1-6.8 (2018), which states:

> Motion for a Remand De Novo may be presented to the Board of Review for good cause shown or when a party misses the Administrative Law Judge hearing for good cause shown. The party asking for new Administrative Law Judge hearing must show good cause for the Board of Review to grant the new Administrative Law Judge hearing.

We recognize that the term "good cause" is not defined by Workforce's governing statutes or legislative rules. Workforce argues that this Court should treat the deputy's decision as a default judgment order and apply the good cause analysis for setting aside such judgments, as enumerated by our state's highest court in Syllabus Points 4 and 5 of *Hardwood Grp. v. LaRocco*, 219 W. Va. 56, 58, 631 S.E.2d 614, 616 (2006). We decline to do so and find that the well-established principle of statutory construction requiring an undefined term to be given its plain and ordinary meaning, should be applied. *See* Syl. Pt. 4, in part, *State v. Gen. Daniel Morgan Post No. 548, Veterans of Foreign Wars*, 144 W. Va. 137, 107 S.E.2d 353 (1959) ("[g]enerally the words of a statute are to be given their ordinary and familiar significance and meaning, and regard is to be had for their general

and proper use."). *Black's Law Dictionary* defines "good cause" as, "[a] legally sufficient reason. Good cause is often the burden placed on a litigant to show why a request should be granted or an action excused," and is synonymous with the terms, "good cause shown; just cause; lawful cause; [and] sufficient cause." *Good Cause*, *Black's Law Dictionary* (11th ed. 2019). Considering this definition and our rules of statutory construction, we find that Mr. Bickford has established good cause in this case.

The record in this case is replete with uncontroverted evidence that once Mr. Bickford became aware of the deputy's decision, he made exhaustive efforts to update his contact information with Workforce and its Board. Despite the minimal effort it would have taken to update this information, Workforce failed to do so. As previously established, Workforce does not deny these attempts, but rather, makes several meritless arguments attempting to deflect responsibility for the bureaucratic delays and omissions of its administration onto Mr. Bickford. However, for the reasons set forth herein, we find that Mr. Bickford has established good cause, and that the Board was clearly wrong to deny the request for remand.

We also find the Board's ruling denying Mr. Bickford's request for remand to be insufficient. In denying his request for remand, the Board's October 28, 2022, decision simply states, "[Mr. Bickford]'s request for remand is denied in as much as good cause was not shown." We find this ruling legally insufficient, as it fails to set forth sufficient findings of fact and conclusions of law for a meaningful appellate review. Generally, in these instances, the remedy would be for the Court to vacate the decision and remand the matter to the Board for an amended order. However, given the contents of the record, it is unnecessary to further delay these proceedings because we find good cause clearly exists in this case, and that Mr. Bickford is entitled to a hearing on the merits of his appeal. To remand this case for an amended order would be a futile act, and "[t]he law does not require the doing of a futile act." *State v. James Edward S.*, 184 W. Va. 408, 413, 400 S.E.2d 843, 848 (1990), *overruled on other grounds by State v. Mechling*, 219 W. Va. 366, 633 S.E.2d 311 (2006). Moreover, the public policy of this state favors cases being decided on their merits. *See, e.g.*, Syl. Pt 2, in part, *McDaniel v. Romano*, 155 W. Va. 875, 190 S.E.2d 8, 9 (1972) ("it is the policy of the law to favor the trial of all cases on their merits."); *Dimon v. Massey*, 198 W. Va. 40, 45-46, 479 S.E.2d 326, 344-45 (1996) ("we recognize that dismissal based on procedural grounds is a severe sanction which runs counter to the general objective of disposing cases on the merit.").

We conclude that Mr. Bickford has established good cause for his late appeal of the deputy's decision and is entitled to a hearing on the merits regarding the same. As such, we find the Board was clearly wrong in adopting the findings of the ALJ, as well as clearly wrong in denying the request for remand. Therefore, the Board's October 28, 2022, decision must be reversed in its entirety, with the matter remanded to the Board for an administrative hearing on the merits of Mr. Bickford's appeal from the deputy's decision.

Accordingly, we reverse the Board's October 28, 2022, decision and remand the matter to the Board for a new administrative hearing on the merits of Mr. Bickford's appeal from the deputy's decision.

Reversed and Remanded.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen