# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Roger D. Campbell, Kathryn D. Campbell,**
**Heather Leigh Bailey, Bobby Lee Bailey,**
**Terry Lee Plumley, II, Shirley Marie Grimmett,**
**Donna Jean Plymale, Shanda Miller,**
**Rebecca A. May, and Carol Murphy,**
**Plaintiffs Below, Petitioners**

**FILED**

**September 9, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 17-1034**   (Logan County 12-C-68)

**CSX Transportation, Inc.,**
**W.W. McDonald Land Company, and**
**Skidrow Timbering Co.,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners and plaintiffs below Roger D. Campbell, Kathryn D. Campbell, Heather Leigh Bailey, Bobby Lee Bailey, Terry Lee Plumley, II, Shirley Marie Grimmett, Donna Jean Plymale, Shanda Miller, Rebecca A. May, and Carol Murphy, by counsel D. Adrian Hoosier, II and Erica Lord, appeal three orders entered on October 23, 2017, in the Circuit Court of Logan County that granted the respective motions for summary judgment filed by respondents and defendants below CSX Transportation, Inc. ("CSX"), W.W. McDonald Land Company ("WWMLC"), and Skidrow Timbering Company ("Skidrow"). Both Respondent CSX, by counsel Luke Lafferre, and Respondent WWMLC, by counsel Robert H. Sweeney, Jr. & Kierston Eastham Rosen, filed responses in support of the circuit court orders. Respondent Skidrow did not file a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders granting summary judgment in favor of Skidrow and WWMLC is appropriate under Rule 21 of the Rules of Appellate Procedure. With regard to CSX, this matter is reversed and remanded for entry of an order containing findings of fact and conclusions of law that are appropriate for appellate review.

In June of 2010, certain areas of Logan County, West Virginia, were flooded following severe rain storms. Petitioners, who are residents of the unincorporated town of Landville, alleged

claims[1] in the Circuit Court of Logan County against CSX, WWMLC, and Skidrow, and other defendants asserting that they negligently caused or contributed to the flooding that damaged petitioners' property.[2] According to petitioners, the historic flood waters did not come from the river located adjacent to their properties; rather, petitioners alleged that surface water runoff emanated from the mountain where respondents were conducting commercial activities causing harm to petitioners' real and personal property.

Petitioners alleged that CSX "owns and maintains rails and culverts in the subject area" and that CSX has a duty to make sure the culverts are clear in order to prevent flooding. Petitioners alleged that CSX was negligent in designing, constructing, and maintaining the culverts and drainage structures around its railroad track located across the highway from petitioners' properties. Petitioners specifically alleged that CSX "negligently designed its culverts/drains, failed to clear its culverts/drains from debris, negligently built a wall along side its rail-road, . . . and failed to ensure that run off water could exit under Route 80 and into the Guyandotte River."[3] Petitioners further alleged that the culvert "behind [the] wall or mound" "built by CSX" was "blocked with debris" and "allowed water to pool"; that the water "broke through the wall" and "flowed into" "CSX[-]maintained culverts located 10-15 feet from the rail-road"; and that these culverts were also "blocked with debris" so "water pooled and crested over the rail-road, over Route 80 and into [petitioners'] homes."

WWMLC owns the land that constitutes the drainage basin, or water shed, that flows toward petitioners' properties. Petitioners alleged that WWMLC leased or provided access to its land to the other defendants to conduct various business operations; that WWMLC owed petitioners a duty of care to ensure that such operations were conducted in compliance with state and federal regulations and in a manner that would not harm petitioners' properties; and that WWMLC breached that duty. With regard to Skidrow, a timbering company that conducted operations on land owned by WWMLC above Landville in 2008, petitioners alleged that Skidrow failed to comply with state and federal regulations relating to its timbering operations and failed to have a run-off plan to ensure the safety of petitioners' properties.

Petitioners alleged claims of negligence, intentional private nuisance, unintentional private

---

[1] Petitioners' original complaint was filed in March of 2012. A "Second Amended Complaint and More Definite Statement" was filed in March of 2016. On June 27, 2016, petitioners filed a motion for leave to file a "supplemental" third amended complaint "in order to name Gas Field Services, LLC, as a party." It is unclear from the record on appeal when the motion for leave was granted and the third amended complaint was filed.

[2] The other defendants were Equitable Gas Company; General Pipeline Construction, Inc.; EQT Production Co. d/b/a Equitable Production Company; the West Virginia Department of Transportation/Division of Highways; Appalachian Fuels, LLC; and Gas Field Services, LLC. These defendants are no longer parties.

[3] Route 80 borders petitioners' properties to the east while the Guyandotte River borders petitioners' properties to the west.

nuisance, public nuisance, prospective nuisance, trespass, recklessness or gross negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, interference with riparian rights, "violation of statutes" (i.e., West Virginia Code § 22-3-13—involving general environmental protection performance standards for surface mining), damages for securing water supply, punitive damages, and res ipsa loquitur. Petitioners sought compensatory and punitive damages and injunctive relief.[4]

In April of 2016, CSX filed a motion to dismiss petitioners' complaint on the ground that the circuit court lacked subject matter jurisdiction because, under the Supremacy Clause of the United States Constitution, Article VI, clause 2, the Interstate Commerce Commission Termination Act of 1995 ("ICCTA") expressly preempts state law claims, such as those asserted by petitioners, concerning the design, construction, operation, and maintenance of CSX's railway facilities and structures.

By order entered October 21, 2016, the circuit court granted CSX's motion to dismiss, in part, finding that, under 49 U.S.C. § 10501 of the ICCTA, the Safety Transportation Board has exclusive jurisdiction over petitioners' claims against CSX "that the culverts and drainage structures were negligently designed, constructed, and/or maintained," and "that the clearing and cutting of vegetation" are all "related to the construction, maintenance, and operation of tracks and facilities as contemplated by the ICCTA and are therefore preempted." To the extent petitioners alleged that CSX negligently discarded debris, the circuit court denied CSX's motion to dismiss on such claims as they "are not related to the normal construction, maintenance, and operation of tracks and facilities as contemplated by the ICCTA" and are, therefore, not preempted.

On August 14, 2017, Skidrow filed a motion for summary judgment as to all of petitioners' claims, WWMLC filed a motion for summary judgment as to all of petitioners' claims other than those claiming private nuisance, and CSX filed a motion for summary judgment as to the claims that remained following entry of the October 21, 2016, dismissal order.

On August 30, 2017, WWMLC filed a motion in limine to exclude the testimony of petitioners' expert environmental engineer, Dr. Scott Simonton, whose deposition had previously been taken. Petitioners failed to file a response.[5]

Meanwhile, petitioners, by counsel Erica Lord, filed a motion to stay the proceedings, or, alternatively, to continue the proceedings for ninety days due to the temporary suspension of lead

---

[4] The case was stayed by a federal bankruptcy court for three years as a result of Defendant Appalachian Fuels, LLC's bankruptcy proceedings. The federal bankruptcy stay was lifted by order entered on August 20, 2015, and the circuit court lifted its stay by order entered on September 14, 2015.

[5] A review of the docket sheet reveals that Skidrow and CSX also filed motions to exclude Dr. Simonton's testimony and that petitioners failed to respond to either motion. Neither Skidrow's nor CSX's motion was made a part of the appendix record.

counsel D. Adrian Hoosier II's law license on August 30, 2017. Attorney Hoosier's law license was to be automatically reinstated on December 1, 2017.

A summary judgment hearing was scheduled for September 27, 2017. Prior to the hearing, petitioners filed untimely responses to the motions for summary judgment filed by CSX[6] and Skidrow. Additionally, petitioners submitted to WWMLC's counsel and the circuit court a three-page unsigned response to WWMLC's summary judgment motion.

A hearing on respondents' motions for summary judgment was conducted on September 27, 2017, at which time the circuit court orally denied petitioners' motion to continue/for a stay. By order entered on October 23, 2017, the court granted all three respondents' motions for summary judgment and, in the order granting WWMLC's motion, also granted WWMLC's motion in limine to exclude the testimony of petitioners' expert witness. It is from these orders that petitioners now appeal.[7]

Pursuant to Rule 56(c) of the West Virginia Rules of Civil Procedure, summary judgment should be awarded "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Thus, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of New York,* 148 W. Va. 160, 133 S.E.2d 770 (1963). We note, as well, that "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor. *Anderson [v. Liberty Lobby, Inc.],* 477 U.S. [242] at 252, 106 S.Ct. [2505] at 2512, 91 L.E.2d [202] at 214 [1986]." *Williams v. Precision Coil, Inc.,* 194 W. Va. 52, 60, 459 S.E.2d 329, 337 (1995). On appeal, this Court accords a plenary review to the circuit court's order granting summary judgment: "[a] circuit court's entry of summary judgment is reviewed *de novo.*" Syl. Pt. 1, *Painter v. Peavy,* 192 W. Va. 189, 451 S.E.2d 755 (1994). Using these standards, we will review each of the circuit court's summary judgment orders in turn.[8]

---

[6] CSX advised the circuit court at the summary judgment hearing that it did not object to the court's consideration of petitioners' late-filed response.

[7] With regard to the present appeal, on April 12, 2018, respondents jointly filed a motion to direct petitioners to correct their brief and appendix, or, in the alternative, to dismiss the appeal. By order entered on October 4, 2018, this Court refused, as moot, respondents' joint motion to direct petitioner to correct because a corrected brief and appendix had previously been filed. In that same order, this Court also refused the motion to dismiss the appeal.

[8] West Virginia Rule of Appellate Procedure 5(b) requires that "the party appealing shall file the notice of appeal and the attachments required in the notice of appeal form contained in Appendix A of these Rules." Appendix A requires that petitioners "ATTACH COPIES OF ALL ORDERS BEING APPEALED." To the extent petitioners seek to challenge the October 21, 2016,

4

In its order granting WWMLC's motion for summary judgment, the circuit court also granted WWMLC's motion in limine to exclude the testimony of petitioners' expert witness. In its motion to exclude, WWMLC argued that Dr. Simonton's "testimony is inadequate because it fails to meet the testimonial and evidentiary requirements" of the West Virginia Rules of Evidence and *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 589-90 (1993). WWMLC further argued that Dr. Simonton's expert opinion that the gas and timbering activities that occurred on WWMLC's property increased the rate of run-off and contributed to the flooding was rendered without reviewing relevant scientific literature, without "obtain[ing] and review[ing] the relevant rainfall or timbering or gas activity data," or without "perform[ing] any modeling that would show the difference in runoff pre- and post-activity . . . ."

As previously noted, petitioners failed to file a response to WWMLC's motion to exclude. In its order granting WWMLC's motion, the circuit court agreed with WWMLC's arguments and ultimately concluded that "Dr. Simonton did not employ any scientific method to develop his opinions, and lacked the proper factual basis to assist the jury in determining the facts in issue."

On appeal, petitioners argue that the circuit court erred in excluding Dr. Simonton's expert testimony. Petitioners do not dispute that they failed to respond or otherwise object to WWMLC's motion in limine to exclude Dr. Simonton's expert testimony, nor do they suggest that they did not receive proper notice of the motion. Nonetheless, they now argue that Dr. Simonton's opinion complied with the requirements of West Virginia Rule of Evidence 702, that *Daubert* does not apply, and that Dr. Simonton's testimony was sufficiently reliable under *Gentry v. Magnum*, 195 W. Va. 512, 466 S.E.2d 171 (1995). This Court has repeatedly held that,""[w]here objections were not shown to have been made in the trial court, and the matters concerned were not jurisdictional in character, such objections will not be considered on appeal." Syllabus Point 1, *State Road Commission v. Ferguson,* 148 W.Va. 742, 137 S.E.2d 206 (1964).' Syl. pt. 3, *O'Neal v. Peake Operating Co.,* 185 W.Va. 28, 404 S.E.2d 420 (1991)." Syl. Pt. 5, *Voelker v. Frederick Bus. Prop. Co.*, 195 W. Va. 246, 465 S.E.2d 246 (1995). "'To be clear, the party complaining on appeal of the admission of evidence bears sole responsibility for adequately preserving the record on meaningful appellate review.'" *Id.* at 253, 465 S.E.2d at 253 (quoting *Tennant v. Marion Health Care Foundation, Inc.,* 194 W.Va. 97, 114, 459 S.E.2d 374, 391 (1995)). *See also* Syl. Pt. 1, in part, *Maples v. W. Va. Dep't of Commerce, Div. of Parks and Recreation,* 197 W. Va. 318, 475 S.E.2d 410 (1996) (holding that "[a] litigant may not silently acquiesce to an alleged error . . . and then raise that error as a reason for reversal on appeal"). As a result, we find that petitioners did not preserve this issue for appeal and we decline to consider this assignment of error.

Next, we address petitioners' assignment of error that the circuit court erred in granting WWMLC's motion for summary judgment. In its motion, WWMLC argued that petitioners failed to present any evidence that WWMLC breached a duty owed to petitioners or that WWMLC was the actual or proximate cause of petitioners' alleged damages. WWMLC further argued that petitioners' own expert testified that WWMLC's ownership of the property above the Landville

CSX dismissal order, that order was not attached to the notice of appeal and is, therefore, not properly before this Court.

area did not violate any duty owed to petitioners and that WWMLC committed no act or omission that actually or proximately caused petitioners' alleged damages. WWMLC also argued that petitioners, as private individuals, cannot maintain a public nuisance claim against WWMLC and that petitioners failed to produce evidence sufficient to establish the remaining claims alleged against WWMLC in the complaint. Petitioners untimely submitted to the circuit court and WWMLC's counsel a two-page unsigned response.[9] Though petitioners' response relied generally (and exclusively) on the report of their expert witness, petitioners failed to attach either the report or any other affidavit, exhibit, or document in support of their response.

In its order granting WWMLC's motion, the circuit court found that petitioners' response failed to comply with the requirements of West Virginia Rule of Civil Procedure 56(e), that petitioners failed to present any evidence or legal arguments to support their claims against WWMLC "other than private nuisance," and that WWMLC is entitled to judgment as a matter of law on all the other claims alleged. The circuit court also granted the motion to exclude the testimony of petitioners' expert witness. The court then considered the private nuisance claim and found that petitioners failed to provide any other evidence of record to support such claim. The court therefore granted WWMLC's motion for summary judgment on that issue as well.

On appeal, petitioners argue that factual disputes exist as to their claims against WWMLC and, therefore, summary judgment was improperly granted. They contend simply that, in addition to the testimony of their now-excluded expert witness, WWMLC's own expert criticized WWMLC's run-off plan, stating that "[i]n general, it is a poor design for upstream culverts to have significantly greater capacity than a downstream culvert. In general, this will result in increased flooding of downstream properties in storms." According to petitioners, even if the testimony of their expert was properly excluded, the testimony of WWMLC's expert supports their claims. We find no error.

This Court has cautioned consistently that

"[i]f the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the non-moving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure." Syllabus Point 3, *Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 459 S.E.2d 329 (1995).

Syl. Pt. 3, *Miller v. City Hosp., Inc.*, 197 W. Va. 403, 475 S.E.2d 495 (1996). *See also* Syl. Pt. 3, *Jividen v. Law*, 194 W. Va. 705, 461 S.E.2d 451 (1995). Furthermore,

"[w]hen a motion for summary judgment is mature for consideration and properly is documented with such clarity as to leave no room for controversy, the nonmoving

---

[9] The docket sheet does not indicate that petitioners' response to WWMLC's motion was filed with the circuit court.

party must take the initiative and by affirmative evidence demonstrate that a genuine issue of fact exists. Otherwise, Rule 56(e) empowers a circuit court to grant the pretrial motion.

*Williams,* 194 W. Va. at 58, 459 S.E.2d at 335. Finally, we have instructed that the nonmoving party must

point[] to specific facts demonstrating a "trialworthy" issue. To meet this burden, the nonmovant must identify specific facts in the record and articulate the precise manner in which that evidence supports its claims. As to material facts on which the nonmovant will bear the burden at trial, the nonmovant must come forward with evidence which will be sufficient to enable it to survive a motion for directed verdict at trial. If the nonmoving party fails to meet this burden, the motion for summary judgment *must* be granted.

*Powderidge Unit Owners Ass'n v. Highland Props., Ltd.*, 196 W. Va. 692, 699, 474 S.E.2d 872, 879 (1996).

In this case, petitioners did not file an appropriate response to WWMLC's summary judgment motion nor did they adhere to the requirements of Rule 56 in that they failed to rehabilitate the evidence attacked by WWMLC, failed to produce additional evidence showing the existence of a genuine issue for trial, and failed to submit an affidavit explaining the necessity of further discovery. *See Miller*, 197 W. Va. at 405, 475 S.E.2d at 497, syl. pt. 3. Petitioners' argument on appeal is equally deficient as it makes no legitimate attempt to show that it offered significant probative evidence from which a jury could return a verdict in its favor and that summary judgment was improperly granted. *See Painter,* 192 W. Va. at 193, 451 S.E.2d at 759. We, therefore, conclude that the circuit court did not err in granting summary judgment in favor of WWMLC.

Petitioners next argue that the circuit court erred in granting summary judgment in favor of Skidrow. In support of its motion for summary judgment, Skidrow argued that the timbering project it conducted in the Landville area concluded approximately twenty months before the flooding occurred on petitioners' property; that documentation submitted in support of its motion showed that water run-off plans were in place and approved by the West Virginia Division of Forestry; that documented inspections of its operation by the Division of Forestry found Skidrow to be in compliance with the agency's Best Management Practices, including those related to water run-off; and that petitioners' expert admitted that, if the Division of Forestry approved Skidrow's operation at Landville, then Skidrow had presented a sufficient water run-off plan for the project.

In their untimely response to Skidrow's motion, petitioners withdrew all of their claims against Skidrow except those alleging negligence. Petitioners argued that, based upon the testimony of their expert witness, there are disputed facts as to whether Skidrow deviated from the Division of Forestry's Best Management Practices and was, therefore, negligent in its timbering operations that allegedly caused petitioners' harm.

The circuit court concluded that the timbering operations Skidrow conducted in the Landville area concluded approximately twenty months before the flooding occurred on petitioners' property and that that the project was "found by the West Virginia Division of Forestry

to be in compliance with applicable state laws and regulations with respect to its planning, operations and shut down." According to the circuit court, petitioners' response to Skidrow's summary judgment motion "did not produce one piece of evidence which complied with Rule 56 . . . for rebutting the properly documented motion of" Skidrow and that petitioners failed to rebut Skidrow's evidence that it "had not violated any applicable law or regulation from which it could be found that Skidrow . . . was in any way negligent in its operations." The court further concluded that petitioners "failed to present . . . any evidence that . . . Skidrow . . . breached any duty to [petitioners] such that [petitioners] could sustain any claim for negligence against . . . Skidrow . . . ."

On appeal, petitioners argue simply that, in addition to the testimony of their now-excluded expert witness, "WWMLC's expert claims that Skidrow's timbering and its own clients lack o[f] a run[-]off plan let water flow at a greater level than the culverts could handle" and that, even if the testimony of Dr. Simonton was properly excluded, the testimony of WWMLC's expert supports a finding of "negligence on the part of all defendants." We find no error.

Though petitioners generally contend that disputed factual issues exist as to their negligence claim against Skidrow and that summary judgment was improperly granted, they fail to address how the circuit court erred in concluding that petitioners failed to prove the essential elements of such a claim. As we held in Syllabus Point 2 of *West Virginia Department of Health & Human Resources Employees Federal Credit Union v. Tennant,* 215 W. Va. 387, 599 S.E.2d 810 (2004),

> "[a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment." Syllabus Point 5, *Morgan v. Price,* 151 W.Va. 158, 150 S.E.2d 897 (1966).

We conclude, therefore, that the circuit court did not err in granting summary judgment in favor of Skidrow.

Finally, petitioner argues that the circuit court erred in granting CSX's motion for summary judgment. Upon careful review of the circuit court's order, we conclude that it is devoid of factual findings that would allow for meaningful appellate review. At the summary judgment stage and in the present appeal, Petitioners and CSX each reference evidence of record that they claim support their respective positions, none of which was included in the circuit court's summary judgment order. Instead, the court generally referenced "the testimony and other evidence," found "that there is no evidence in the record relating to the negligent discarding of debris [by CSX] that [is] not related to the normal construction, maintenance, and operation of tracks and facilities as contemplated by the ICCTA[,]" and concluded that petitioners "failed to make a sufficient showing in opposition to [CSX]'s motion that they have a claim that is not pre-empted by the ICCTA." This Court has instructed that "[a]lthough our standard of review for summary judgment remains de novo, a circuit court's order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed." Syl. Pt. 3, *Fayette Cty. Nat'l Bank v. Lilly,* 199 W. Va. 349, 484 S.E.2d 232 (1997), *overruled on other grounds, Sostaric*

8

*v. Marshall*, 234 W. Va. 449, 766 S.E.2d 396 (2014). *See Hively v. Merrifield*, 212 W. Va. 804, 808, 575 S.E.2d 414, 418 (2002) ("This Court is unable to perform its function unless the circuit court's order contains an adequate factual basis for its ultimate conclusion. Said another way, before this Court can review the circuit court's reasons for dismissing [the plaintiff's] claims against [the defendant], we must know what those reasons are."); *Ayersman v. West Virginia Div. of Envtl Prot.,* 208 W. Va. 544, 546, 542 S.E.2d 58, 60 (2000) ("[A] summary judgment order must set forth findings substantial enough to allow this Court to make an informed judgment on the propriety of the lower court's actions."). Because the circuit court failed to include sufficient findings and conclusions that would permit meaningful review of its decision by this Court, we conclude that its summary judgment order in favor of CSX must be reversed and the case remanded for entry of an appropriate order.

For the foregoing reasons, we affirm the circuit court's orders granting summary judgment in favor of WWMLC and Skidrow, and reverse and remand the summary judgment order in favor of CSX for entry of an order consistent with this memorandum decision.[10]

Affirmed, in part, reversed, in part, and remanded, with directions.

**ISSUED:** September 9, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[10] While petitioners also assign as error the circuit court's refusal to grant petitioners' motion to continue the proceedings based upon their attorney's three-month suspension from the practice of law, they fail to include any argument in their brief on this issue. We thus consider this assignment of error to be waived. "Assignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived." Syl. Pt. 6, *Addair v. Bryant*, 168 W. Va. 306, 284 S.E.2d 374 (1981).