540 S.E.2d 563

**CITY OF PHILIPPI, Plaintiff Below, Appellee,**

v.

**Tammy S. WEAVER, Defendant Below, Appellant.**

No. 27259.

Supreme Court of Appeals of West Virginia.

Submitted June 7, 2000.

Decided July 12, 2000.

Dissenting Opinion of Justice McGraw Dec. 13, 2000.

E. Lynn Phillips, Prosecuting Attorney, Philippi, for Appellee.

Larry L. Harless, Croset, VA, for Appellant.

PER CURIAM:

This is an appeal by Tamara S. Weaver (hereinafter "Appellant") from a June 11, 1999, order of the Circuit Court of Barbour County affirming the Appellant's municipal court jury conviction of first offense driving under the influence of alcohol (hereinafter "DUI"). The Appellant contends that numerous errors allegedly committed at the municipal court level warrant reversal of that conviction. Upon thorough review of the record, we find that the lower court committed no reversible error and affirm the determination of the lower court.

### I.  Facts

On August 15, 1998, the Appellant, age thirty-eight, was operating a vehicle in Philippi, West Virginia (hereinafter "City"). She was apprehended by police officers after she allegedly created a disturbance at a fast food restaurant. Her breath test registered .165, and she was charged with first offense DUI.

A municipal court jury trial was conducted on April 20, 1999, and the Appellant was found guilty of first offense DUI, sentenced to fifteen days in jail, and fined $250, plus court costs. Although a court reporter did not attend the trial, the trial was videotaped. During trial, the Appellant challenged the

validity of the breath test and asserted that she had consumed only a very limited amount of alcohol at brunch earlier in the day.

On June 11, 1999, a final judgment was entered by the Circuit Court of Barbour County affirming the verdict of the Municipal Court in a Memorandum Opinion and Order. The lower court also ordered the Appellant to report to the Barbour County Jail on July 6, 1999, at 9:00 am to begin serving her sentence. On July 14, 1999, in response to the Appellant's Petition for Work Release, the lower court converted the Appellant's fifteen-day jail sentence into a combination of jail time and work release, allowing the Appellant to serve only seven days in jail and eight days work release.

## II. Timeliness of Appeal

■ Prior to deliberation of the substantive issues advanced by the Appellant, an initial inquiry must be conducted into the City's contention that this appeal was not filed in a timely fashion. The lower court's final judgment was entered on June 11, 1999. The expiration of the thirty-day period within which to file a notice of intent to appeal thus expired on July 12, 1999.[1] The notice of intent to appeal was filed on September 14, 1999, approximately two months late. Additionally, the four-month appeal period expired on October 11, 1999, and the appeal was not filed with this Court until November 15, 1999, over one month late.

While the Appellant suggests that the July 14, 1999, modification order could technically qualify as the order appealed from, thereby extending the periods within which to file the notice of intent to appeal and the appeal,

such contention is unconvincing. The Appellant is not disputing the elements of the modification of sentence contained in the July 14, 1999, order, but is rather appealing the alleged errors of the lower court encompassed within the June 11, 1999, order. It is the conviction the Appellant is seeking to reverse on appeal, not the authorization to serve days of work release in exchange for days of confinement. Utilization of the July 14, 1999, order to establish the appellate time constraints would be a inappropriate.[2]

## III. Failure to Preserve Error

■ Despite our conclusion that the appeal should not be considered due to untimely filing, we are compelled to observe that the Appellant also failed to preserve her allegations of substantive error for appeal. For instance, the Appellant contends that the lower court erred in permitting the prompting of a juror, Mr. Denzil Lantz, during jury polling, and the Appellant has submitted affidavits indicating that the jury foreman told Juror Lantz to say "guilty" during the polling. Mr. Lantz was apparently unable to hear the court's question regarding guilt or innocence. Once Mr. Lantz was informed by two other jurors about the content of the question, Mr. Lantz answered, "Guilty." No objection was raised regarding Mr. Lantz' apparent inability to understand the court's question.

■ The City maintains that there is no justification for reversing the Appellant's conviction on the basis of alleged juror coercion, particularly because no objection was asserted during or after the polling of the jury preserving this issue for appeal. We agree with the contentions of the City and additionally note that the Appellant has

1. Rule 37(b)(1) of the West Virginia Rules of Criminal Procedure provides:

> (1) Time for notice of intent to appeal. The notice of intent to appeal by a defendant shall be filed within 30 days after the entry of the judgment, decree or other order appealed from. A notice of intent to appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof. A judgment or order is entered within the meaning of this paragraph when it is entered in the criminal docket.

Rule 3(b) of the West Virginia Rules of Appellate Procedure provides:
> *Notice for criminal appeal.* No petition from a criminal case shall be presented unless a notice of intent to appeal shall have been filed with the clerk of the court in which the judgment or order was entered within thirty days from the entry of such judgment or order. The notice of intent to appeal shall concisely state the grounds for appeal.

2. Even under the Appellant's conception of the time limitations, the notice of intent to appeal was one month late and the appeal was one day late.

failed to generate a showing of prejudice by this juror's conduct, such that the incident would not necessarily constitute reversible error even if it had been properly preserved by objection below.[3]

■ In syllabus point three of *O'Neal v. Peake Operating Co.*, 185 W.Va. 28, 404 S.E.2d 420 (1991), this Court explained the forfeiture of appellate options as follows: " 'Where objections were not shown to have been made in the trial court, and the matters concerned were not jurisdictional in character, such objections will not be considered on appeal.' Syllabus Point 1, *State Road Commission v. Ferguson*, 148 W.Va. 742, 137 S.E.2d 206 (1964)." 185 W.Va. at 29, 404 S.E.2d at 421, Syl. Pt. 3.

■ In *Hanlon v. Logan County Board of Education*, 201 W.Va. 305, 496 S.E.2d 447 (1997), we explained as follows:

" 'To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect. The rule in West Virginia is that parties must speak clearly in the circuit court[,] on pain that, if they forget their lines, they will likely be bound forever to hold their peace.... It must be emphasized that the contours for appeal are shaped at the circuit court level by setting forth with particularity and at the appropriate time the legal ground upon which the parties intend to rely.' "

*Id.* at 315, 496 S.E.2d at 457 (*quoting State v. Browning*, 199 W.Va. 417, 425, 485 S.E.2d 1, 9 (1997) (*quoting State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 216, 470 S.E.2d 162, 170 (1996) (citation omitted))). Rule 51 of the West Virginia Rules of Criminal Procedure provides, in pertinent part, as follows:

Exceptions to rulings or orders of the court are unnecessary and for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which that party desires the court to take or his or her objection to the action of the court and the grounds therefor[.]

"A litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal." Syl. Pt. 1, *Maples v. West Virginia Dept. of Commerce, Div. of Parks and Recreation*, 197 W.Va. 318, 475 S.E.2d 410 (1996).

■ While we have occasionally invoked the plain error rule to correct error which occurred without objection, we find no compelling reason to apply the plain error rule to this factual scenario, nor have we been requested to do so. In *State v. LaRock*, 196 W.Va. 294, 470 S.E.2d 613 (1996), we explained that courts should be very cautious in recognizing plain error. Syllabus point seven of *LaRock* provides the following guidance:

An unpreserved error is deemed plain and affects substantial rights only if the reviewing court finds the lower court skewed the fundamental fairness or basic integrity of the proceedings in some major respect. In clear terms, the plain error rule should be exercised only to avoid a miscarriage of justice. The discretionary authority of this Court invoked by lesser errors should be exercised sparingly and should be reserved for the correction of those few errors that seriously affect the fairness, integrity, or public reputation of the judicial proceedings.

196 W.Va. at 299, 470 S.E.2d at 618, Syl. Pt. 7.

■ We also observed as follows in *LaRock*:

" 'One of the most familiar procedural rubrics in the administration of justice is the rule that the failure of a litigant to assert a right in the trial court likely will result' in the imposition of a procedural bar to an appeal of that issue." *[State v.] Miller*, 194 W.Va. [3] at 17, 459 S.E.2d [114] at 128 [ (1995) ], *quoting United*

---

**3.** No evidence was presented regarding the underlying reason for the juror's initial failure to comprehend the question, such as lack of attentiveness, inability to understand the question posed, or hearing difficulties. Additionally, there is no indication of undue influence by the jury foreman in prompting the juror to indicate that the verdict had been guilty.

States v. Calverley, 37 F.3d 160, 162 (5th Cir.1994) (en banc), cert. denied, 513 U.S. 1196, 115 S.Ct. 1266, 131 L.Ed.2d 145 (1995).

196 W.Va. at 316, 470 S.E.2d at 635. We properly recognized that "in general, the law ministers to the vigilant, not to those who sleep on their rights." Id.

▉ The Appellant in the present case also failed to object when the prosecutor questioned the Appellant with regard to male police officers processing the Appellant at the jail, as follows: "You didn't tell them they had a nice ass or anything like that?" While the Appellant correctly asserts on appeal that there existed no basis for such a crass remark, there was no objection at trial.

▉ While the Appellant asserts on appeal that a nonlawyer should not have been permitted to preside over the trial in municipal court, she also failed to object to that issue below.[4] The Appellant also asserts the denial of a de novo trial in circuit court. While West Virginia Code § 8–34–1 (1969) provided for a de novo appeal to the circuit court, this statute was amended in 1998, prior to the trial in the instant case, to omit the "de novo " reference for jury municipal court trials.[5]

▉ The Appellant asserts on appeal that the CMI Intoxilyzer 5000 instrument which recorded the Appellant's breath sample may have been unreliable; yet no argument regarding the validity of the breath test was presented to the lower court, and no objection was made on that basis during the trial. The Appellant also contends that the video recording of the alleged incident of juror prompting was indecipherable; yet, no objection was raised regarding that issue, and video served as adequate record for review by the lower court from the municipal court trial.

▉ The Appellant also raises issues of ineffective assistance of counsel, based upon trial counsel's failure to properly object to errors at the municipal court level. This Court has consistently held that claims of ineffective assistance of counsel are not properly raised on direct appeal. State v. Miller, 197 W.Va. 588, 611, 476 S.E.2d 535, 558 (1996). As we explained in Miller, "[i]neffective assistance of counsel claims raised on direct appeal are presumptively subject to dismissal." Id. (citing State v. Miller, 194 W.Va. 3, 14–17, 459 S.E.2d 114, 125–28.) "Such claims should be raised in a collateral proceeding rather than on direct appeal to promote development of a factual record sufficient for effective review." Miller, 197 W.Va. at 611, 476 S.E.2d at 558.

Upon review of the record and briefs, we affirm the decision of the Circuit Court of Barbour County.

Affirmed.

Justice McGRAW dissents and files a dissenting opinion, joined by Justice STARCHER.

---

**4.** The constitutionality of nonlawyers presiding over claims has been upheld in State ex rel. Collins v. Bedell, 194 W.Va. 390, 460 S.E.2d 636 (1995).

**5.** The 1969 version of West Virginia Code § 8–34–1 provided, in pertinent part:

Every person sentenced under this chapter by any mayor or police court judge or municipal court judge to imprisonment or to the payment of a fine of ten dollars or more (and in no case shall a fine of less than ten dollars be given if the defendant, his agent or attorney object thereto) shall be allowed an appeal de novo to the circuit or other court of the county exercising jurisdiction over appeals in criminal cases from justices of the peace courts [magistrates] in the county[.]

The 1998 amendment altered the circumstances under which a "de novo" trial would be conducted, providing in pertinent part as follows:

(a) Every person sentenced under this chapter by any mayor, acting in a judicial capacity, or municipal court judge to confinement or to the payment of a fine may appeal that sentence to the circuit court as provided in this section. When the municipality is located in more than one county, the appeal shall be taken to the circuit court of the county in which the major portion of the territory of the municipality is located.

(e) In the case of an appeal of such a proceeding tried before a jury, the hearing on the appeal before the circuit court shall be a hearing on the record. In the case of an appeal of such a proceeding tried before the mayor or municipal court judge without a jury, the hearing on the appeal before the circuit court shall be a trial de novo, triable to the court, without a jury.

W.Va.Code § 8–34–1(a) (Supp.1999).

McGRAW, Justice, dissenting.

(Filed Dec. 13, 2000)

What troubles me most about this case is that apparently one juror was unable to hear the judge, or understand his request, when he polled the jury at the conclusion of the trial. Indeed, two other jurors had to speak with the juror in question before he finally responded "guilty."

While it is entirely possible that this juror had heard and understood all the testimony in the case, participated fully in deliberations with his fellow jurors, and had a perfect grasp of the case, which he reflected by eventually responding "guilty" to the judge, the majority is wrong to make all these assumptions in favor of a guilty verdict.

In prior cases we have addressed the important right of trial by jury. We have stated:

> The right of a criminal defendant to a jury trial is a fundamental constitutional guarantee provided in Article III, Section 14 of the West Virginia Constitution which states, in relevant part, that "[t]rials of crimes, and misdemeanors, unless herein otherwise provided, shall be by a jury of twelve men [or women.]" Article VIII, Section 10 otherwise provides, in relevant part, that a jury in a magistrate court "shall consist of six jurors who are qualified as prescribed by law."

State ex rel. Ring v. Boober, 200 W.Va. 66, 69, 488 S.E.2d 66, 69 (1997).

It strikes me as axiomatic that if Ms. Weaver is entitled to a trial by jury, she is equally entitled to a trial by jurors who can hear and understand the testimony in the case, and that the State is entitled to the same. Because I have grave concerns that the juror in question may not have heard and understood all of the proceedings in this case, I must respectfully dissent.

I am authorized to state that Justice STARCHER joins in this dissent.