**H. John ROGERS, Plaintiff,**

v.

**D. Ed SWEPSTON, et al., Defendants.**

No. CIV.A. 5:02–0093.

United States District Court,
S.D. West Virginia,
Beckley Division.

June 20, 2003.

H. John Rogers, New Martinsville, WV, pro se.

Jeffrey K. Phillips, Stephen W. Cogar, Michael D. Mullins, Steptoe & Johnson, Charleston, WV, for Defendant.

### *MEMORANDUM OPINION AND ORDER*

HADEN, District Judge.

Pending is the motion to dismiss filed by Defendants D. Ed Swepston and the City of White Sulphur Springs. The Court GRANTS the motion.

## I. FACTUAL BACKGROUND

Plaintiff H. John Rogers is a lawyer residing in New Martinsville, West Virginia. Defendant City of White Sulphur Springs (City) is a West Virginia municipal corporation. Defendant D. Ed Swepston is the non-lawyer judge of the Municipal Court of the City of White Sulphur Springs. Defendant Roger L. Pritt is the Commissioner of the West Virginia Division of Motor Vehicles.

On March 31, 2001 Plaintiff was issued a speeding citation by a City police officer. Plaintiff entered a written plea of not guilty and filed various motions and discovery requests. The Municipal Court set the trial for July 11, 2001. Plaintiff requested a continuance or, in the alternative, that his paralegal be permitted to appear on his behalf. The Municipal Court denied both requests.

Plaintiff filed a writ of prohibition with the Supreme Court of Appeals of West Virginia seeking to prohibit his trial. The petition asserted the same, and perhaps additional, federal constitutional grounds for relief as are asserted in the Amended Complaint. *Compare* Resp. Br. at 1 ("In the complaint filed in this matter, the plaintiff alleges that the defendants ... systemically worked together to deprive plaintiff ... of ... rights to both substantive and procedural due process of law and the equal protection of the law."), *with* Pet. ¶ 7 ("The foregoing procedures work to deprive the petitioner of his rights and privileges under the constitutions of the State of West Virginia and the United States of America to substantive and procedural due process of law and the equal protection of the law."). The petition was denied by a 4–1 vote. Plaintiff then sought another continuance, although it was not acknowledged by the City.

On July 26, 2001 Plaintiff received a notice from the West Virginia Division of Motor Vehicles (DMV) advising him his operator's license has been suspended at the request of the Municipal Court. Plaintiff filed a notice of appeal with the Municipal Court, with a courtesy copy to the Clerk of the Circuit Court of Greenbrier County. The Circuit Court entered an Order providing as follows:

> An examination of the file indicates that Defendant's Notice of Appeal was date stamped with the Clerk of this Court on August 17, 2001, along with a copy of the White Sulphur Springs' Municipal Court Criminal Case History and the subject file....
>
> *West Virginia Code*, Section 8–34–1, provides that any person convicted of an offense by a municipal court judge may appeal such conviction to circuit court as a matter of right by requesting such appeal within 20 days after the sentencing for such conviction. It appearing to the Court that the underlying citation came before the Municipal Police Judge on the 11th day of July, 2001, and that it further appearing that no appeal was perfected within the statutory 20 day period, it is therefore **ADJUDGED** and **ORDERED** that the said appeal, not having been timely filed, is hereby denied and the criminal action is hereby remanded to the Municipal Court of White Sulphur Springs for further proceedings consistent with this remand.

(Compl., Ex. 8.) Defendant moved to reconsider, stating among other things he had never been advised of his conviction by the Municipal Court. On September 18, 2001 the Circuit Court denied the motion:

> In light of the fact that the court file reflects that the Defendant was aware of the scheduled proceeding on July 11, 2001, and Defendant was undoubtedly aware that he did not attend the proceeding, this Court finds Defendant's argument that he did not have notice that

he was convicted of speeding disingenuous.

*City of White Sulphur Springs v. Rogers,* No. 01–M–AP–09 (Cir. Ct. Greenbrier Cty. Sept. 18, 2001). Plaintiff did not appeal the ruling to the Supreme Court of Appeals.

## II. DISCUSSION

 The *Rooker–Feldman* doctrine takes its name from two Supreme Court decisions: *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Our Court of Appeals recently summarized the doctrine:

> The *Rooker–Feldman* doctrine generally bars district courts from "sit[ting] in direct review of state court decisions." *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The prohibition extends "not only to issues actually decided by a state court but also to those that are inextricably intertwined with questions ruled upon by a state court." *Safety–Kleen, Inc. v. Wyche,* 274 F.3d 846, 857–58 (4th Cir.2001) (quotation marks omitted). "A federal claim is 'inextricably intertwined' with a state court decision if success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Id.* In addition, the Rooker–Feldman doctrine bars issues that could have been raised in the state court proceeding. *Feldman,* 460 U.S. at 482 n. 16, 103 S.Ct. 1303; *Allstate Insurance Co. v. West Virginia*

*State Bar,* 233 F.3d 813, 819 (4th Cir. 2000); *Guess v. Board of Medical Examiners of the State of North Carolina,* 967 F.2d 998, 1003 (4th Cir.1992).

*Barefoot v. City of Wilmington,* 306 F.3d 113, 120 (4th Cir.2002)(emphasis added); *see also Allstate Ins. Co. v. West Virginia State Bar,* 233 F.3d 813, 816 (4th Cir.2000)(stating "The *Feldman* Court also indicated that 'by failing to raise his claims in state court, a plaintiff may forfeit his right to obtain review of the state-court decision in any federal court.' ")(quoted authority omitted).

 One aggrieved by an unfavorable decision from an inferior tribunal of a state sovereign does have resort to a federal court, but "jurisdiction to review such decisions lies ... [with] the United States Supreme Court.' " *Friedman's, Inc. v. Dunlap,* 290 F.3d 191, 196 (4th Cir.2002); *see also Safety–Kleen,* 274 F.3d at 857.

 Lower "federal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.' *Rooker–Feldman* applies when the federal action 'essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.' " *Friedman's, Inc. v. Dunlap,* 290 F.3d 191, 196 (4th Cir.2002)(quoted authority omitted). In sum, a party "may not escape the jurisdictional bar of *Rooker–Feldman* by merely refashioning its attack on the state court judgment[ ] as a § 1983 claim." *Jordahl v. Democratic Party,* 122 F.3d 192, 202 (4th Cir.1997).[1]

The *Rooker–Feldman* doctrine is rooted in principles of comity and federalism. *See Alden v. Maine,* 527 U.S. 706, 748, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999) (ob-

---

1. This principle is applicable in the instant case. Although the Amended Complaint readily reveals Plaintiff seeks *vacatur* of his conviction in this Court on federal constitutional grounds, he changes positions in his

surreply, suggesting "he is challenging the constitutionality of the state laws which establish municipal courts." (Surreply at 10.) Stripped of this recent, very thin, outer coat-

serving that the branches of the federal government must treat the states "in a manner consistent with their status as residuary sovereigns and joint participants in the governance of the Nation."); *Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (describing comity as a principle based on "a proper respect for state functions"). It also rests on statutory interpretation of congressional grants of jurisdiction. Under 28 U.S.C.A. § 1257(a) (West 1993), a decision of a state's highest court "may be reviewed by the Supreme Court by writ of certiorari." *Id.*

Some respected jurists, along with a few commentators, have decried the doctrine's ever-expanding reach in recent years. *See, e.g., Vulcan Chemical Technologies, Inc. v. Barker*, 297 F.3d 332, 338 n. 2 (4th Cir.2002)(Judge Niemeyer noting the "beleaguered" nature of the doctrine); *Ahmed v. Washington*, 276 F.3d 464, 470 (9th Cir. 2001), *vacated by* 294 F.3d 1092 (9th Cir.2002)(Noonan, J., dissenting)(criticizing the majority for undertaking a "quantum expansion" of the doctrine); Adam McLain, Comment, *The Rooker–Feldman Doctrine: Toward a Workable Role* 149 U. Pa. L.Rev. 1555, 1573 (2001)(noting the doctrine's "explosive growth" in the lower federal courts).[2]

Accordingly, the Court has requested additional briefing and information to assist it in making its determination to help avoid misapplication of a doctrine one com-

mentator has aptly described as "confusing and troublesome." Rachel Thomas Rowley, Comment, *The Rooker–Feldman Doctrine: A Mere Superfluous Nuance or A Vital Civil Procedure. Doctrine? An Analysis of the Tenth Circuit's Decision in Johnson v. Rodrigues*, 78 Denv. U.L.Rev. 321, 322 (2000).

Fortunately, this is a paradigmatic case for application of the doctrine. *Allstate* stressed the doctrine's applicability to omitted claims, defenses or arguments:

> Neither do we consider Allstate's dormant commerce clause claim. *By failing to raise his claims in state court a plaintiff may forfeit his right to obtain review of the state court decision in any federal court.* The Rooker–Feldman doctrine may not be circumvented through artful pleading. As this court has noted, "Justice Brennan, in footnote 16 of *Feldman*, made clear that even if a claim is not presented to a state court … a plaintiff is not entitled to bring that claim in federal court if the claim was one that should have been brought in the state court." *Guess*, 967 F.2d at 1003. *Because the dormant commerce clause issuance was not raised before the committee, we will not consider it here.*

*Allstate*, 233 F.3d at 819.

█ Although Plaintiff focuses on the effect of the denial by the Supreme Court of Appeals of his writ of prohibition, it was his failure to preserve the present consti-

---

ing, the case remains an attack on the municipal court judgment.

**2.** *Rooker* was decided in 1923. The *Feldman* decision came sixty years later. Interestingly, of the thirty-eight cases in which the search terms "Rooker and Feldman" appear in WESTLAW's Fourth Circuit database, nearly thirty were decided in just the last five years.

The doctrine's application has resulted in many split panel decisions. *See, e.g., Phifer v. City of New York*, 289 F.3d 49, 62 (2nd Cir.2002)(Jacobs, J., dissenting in part); *Da-*

*babnah v. Burnside*, No. 99–2051, 2000 WL 655945, at *2 (4th Cir. May 12, 2000)(Motz, J., concurring in judgment)("I would not find that the *Rooker–Feldman* doctrine deprives a federal court of jurisdiction over this action."); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 510 (6th Cir.2000)(Jones, J. dissenting in part); *Kamilewicz v. Bank of Boston Corp.*, 100 F.3d 1348 (7th Cir. 1996)(five judges dissenting from denial of rehearing en banc).

tutional and other issues in the municipal court, and then in a perfected appeal to the Circuit Court and the Supreme Court of Appeals, that results in a lack of subject matter jurisdiction here.[3] Plaintiff has not given any indication of his inability to raise these claims in the state forum, claims which directly impacted the viability of his conviction.

Indeed, it appears the Circuit Court's dismissal of his appeal on procedural grounds is what spurred his resort to this Court. The Circuit Court's denial of the motion to reconsider occurred September 18, 2001. This action was filed just months later. More than any other case in recent memory, this federal action " 'essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.' " *Friedman's*, 290 F.3d at 196 (quoted authority omitted).

Much like the situation in *Allstate*, " 'the [federal plaintiff] objects to the outcome of a judicial proceeding and filed a separate suit to get around it.' " *Allstate*, 233 F.3d at 819 (quoting *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 202 (4th Cir. 2000)). The *Rooker–Feldman* doctrine does not permit that type of end run.

Accordingly, the Court **GRANTS** the motion to dismiss. The action will proceed against Defendant Pritt.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and to post a copy on the Court's website at www.wvsd.uscourts.gov

---

**3.** It appears this oversight would have diminished Plaintiff's chances in state court as well. *Cf. City of Philippi v. Weaver*, 208 W.Va. 346, 351 & n. 4, 540 S.E.2d 563, 568 & n. 4 (2000)("While the Appellant asserts on appeal that a nonlawyer should not have been permitted to preside over the trial in municipal court, she also failed to object to that issue below.... The constitutionality of nonlawyers presiding over claims has been upheld in *State ex rel. Collins v. Bedell*, 194 W.Va. 390, 460 S.E.2d 636 (1995).")