# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Christopher L.L.,**
**Petitioner Below, Petitioner**

**vs.)  No. 19-0007** (Harrison County 15-C-458)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Center,**
**Respondent Below, Respondent**

**FILED**
**October 13, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Christopher L.L., by counsel Ryan C. Shreve, appeals the Circuit Court of Harrison County's November 21, 2018, order.[1] Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Center, by counsel Scott E. Johnson, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and his ex-wife had two children, a son and a daughter. Although the children primarily resided with their mother after petitioner's 2010 divorce, he had frequent visitation with the children. Following visitation with petitioner in November 2012, petitioner's then six-year-old daughter informed her mother that petitioner had placed his fingers inside her "pee bug" (daughter's name for her vagina) and that he had put his "pee bug" (daughter's name for petitioner's penis) in her mouth. Petitioner's ex-wife took the victim daughter to the hospital where she was examined by a sexual assault nurse examiner. The victim also participated in a forensic interview.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

In May of 2013, petitioner was indicted on one count of incest, in violation of West Virginia Code § 61-8-12; one count of first-degree sexual assault, in violation of West Virginia Code § 61-8B-3; one count of first-degree sexual abuse, in violation of West Virginia Code § 61-8B-7; and one count of sexual abuse by a parent, in violation of West Virginia Code § 61-8D-5. Petitioner was tried on these counts in August of 2013, and the jury convicted petitioner on all four counts of the indictment.

The circuit court sentenced petitioner as follows: five to fifteen years in prison for incest; twenty-five to one hundred years in prison for first-degree sexual assault; five to twenty-five years in prison for first-degree sexual abuse; and ten to twenty years in prison for sexual abuse by a parent. The circuit courted ordered these sentences to be served consecutively.

Petitioner filed a direct appeal to this Court. In that appeal, he argued that the circuit court erred in denying his motions for a new trial and a judgment of acquittal on the ground that the State's evidence at trial inferred that petitioner had refused to take a polygraph examination and was, therefore, guilty of the crimes charged. Petitioner also claimed that "(1) the circuit court's curative instruction was constitutionally insufficient because it did not direct the jury to disregard the polygraph-related testimony, and (2) that the circuit court failed to give any other instruction regarding the polygraph-related testimony, including those requested by the defense." This Court observed that the investigating officer made a mere mention of a polygraph, but later clarified that no polygraph examination occurred in petitioner's case. Further, the circuit court gave the jury an appropriate cautionary instruction. Thus, this Court concluded that no reversible error occurred. *State v. Christopher L.L.*, No. 14-0095, 2014 WL 5546350 (W.Va. Nov. 3, 2014) (memorandum decision).

Petitioner, a self-represented litigant, filed a habeas corpus petition asserting ineffective assistance of his trial counsel. The circuit court appointed petitioner counsel to further his habeas corpus petition. At an omnibus habeas corpus hearing on October 17, 2016, two witnesses testified: petitioner and his trial counsel.

Petitioner testified that he met with his trial counsel two or three times and that the meetings lasted no more than fifteen minutes. Petitioner also testified that he was not provided with discovery documents related to his case and he did not get an opportunity to participate in his defense. Per his testimony, he had no communication with counsel after he was sentenced and prior to the filing of his direct appeal. Further, he testified that he did not see a copy of the appeal filed on his behalf prior to its filing. Also, other than a single telephone call, petitioner claims that his family members were unable to contact his counsel.

Petitioner's trial counsel testified that he endeavored to meet with petitioner in his office several times before petitioner's bond was revoked, but petitioner never appeared for the appointments. Counsel testified that petitioner "might've stopped in the door once or twice." Counsel testified that he met with petitioner multiple times in the jail after petitioner's bond was revoked. Per counsel's testimony, he went over all of the discovery with petitioner in the jail, and left a copy of the materials with petitioner's wife. Counsel testified that he did not leave the discovery with petitioner at the jail because petitioner feared that a disclosure of the nature of the charges would result in petitioner being the subject of violence by other inmates.

Petitioner's trial counsel testified that he prepared a voucher chronicling the time he spent on petitioner's case, but testified that the voucher may not accurately reflect the conferences that counsel had with petitioner, because he did not necessarily include all of his work in the voucher. Counsel also testified that he was required to sign in at the jail, but the log may not show his accurate departure time. Counsel further noted that his voucher would not reflect charges for copies made of discovery, because he did not believe that he was billing for copies at the time.

The circuit court analyzed petitioner's ineffective assistance of trial counsel claim pursuant to *Strickland v. Washington*, 466 U.S. 688 (1984), and *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). The court found that "[p]etitioner had given several statements that were admitted at trial, one statement in which he admitted his penis may have gone into the victim's mouth when he was trying to get her out of the bathroom. Additionally, the child victim testified to the abuse." Therefore, the circuit court concluded that without satisfying the *Strickland/Miller* test, or further proof or support on the record, petitioner's ineffective assistance of counsel claim could not be substantiated and was an insufficient ground for habeas relief. Thus, the circuit court entered an order denying petitioner habeas corpus relief on November 29, 2018.

Petitioner appeals the order denying his petition for habeas corpus relief. On appeal, petitioner maintains that his habeas counsel was ineffective. First, petitioner claims that habeas counsel was ineffective by failing to introduce documents at the omnibus hearing that would have corroborated his habeas testimony and would have impeached the testimony of his trial counsel. Further, petitioner argues that habeas counsel was ineffective in failing to cross-examine trial counsel with the billing vouchers that counsel prepared and the jail logs from North Central Regional Jail. Respondent maintains that petitioner's assignment of error does not raise a cognizable ground on direct appeal because the record was not developed to allow for this Court's appellate review. As discussed below, we agree with respondent.

"This Court has consistently held that claims of ineffective assistance of counsel are not properly raised on direct appeal." *City of Philippi v. Weaver*, 208 W. Va. 346, 351, 540 S.E.2d 563, 568 (2000). As we have explained:

> It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

Syl. Pt. 10, *State v. Triplett*, 187 W. Va. 760, 421 S.E.2d 511 (1992).

Although petitioner concedes that ineffective assistance claims are rarely dealt with on direct appeal, he suggests that this case presents one of the rare occasions where this Court should depart from our standard procedure and review this ineffective assistance of counsel claim. We decline petitioner's invitation to address this matter on the merits, as his ineffective assistance of

counsel claim is not properly before this Court. Should petitioner wish to pursue this claim, he can file a habeas petition challenging the effectiveness of his original habeas counsel's representation.

For the foregoing reasons, we affirm the circuit court's November 21, 2018, order denying the petition for habeas corpus relief.

Affirmed.

**ISSUED:** October 13, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison