**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 20-0903** (Monongalia County 20-F-152)

**Jon Langley,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Jon Langley, by counsel Peter Dinardi, appeals the October 19, 2020, order of the Circuit Court of Monongalia County that sentenced him to one to five years in prison for one count of attempting to disarm a law enforcement officer; twelve months in jail for misdemeanor battery on a law enforcement officer; and twelve months in jail for misdemeanor obstruction. Respondent, the State of West Virginia, by counsel Patrick Morrisey and Katherine M. Smith, filed a summary response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 28, 2020, Monongalia County Deputy Sheriff J.D. Morgan and another officer attempted to execute a capias warrant on petitioner and to serve him with a family violence protective order. The officers located a man they believed to be petitioner, but who identified himself only as "Adam." Correctly suspecting that "Adam" was petitioner, the officers attempted to handcuff him, but petitioner jerked out of Deputy Morgan's grasp. Deputy Morgan then caught petitioner and tackled him. In response, petitioner twice head-butted Deputy Morgan in the face and then grabbed for the deputy's gun, but instead got the deputy's taser. Petitioner shot Deputy Morgan in the left forearm using the taser. Thereafter, the officers were able to handcuff petitioner, place him under arrest, and properly identify him.

Jennifer Yost was appointed as petitioner's counsel. After his first meeting with Ms. Yost, petitioner demanded new counsel. Therefore, Ms. Yost filed a motion with the trial court on June 8, 2020, seeking to withdraw as petitioner's counsel on the ground that "she was informed by her

client at a meeting . . . at the North Central Regional Jail that he would like to be appointed a new attorney for this matter." On June 10, 2020, the circuit court denied that motion without a hearing finding that petitioner's counsel "fails to identify any persuasive ground upon which said motion should be granted."

On June 18, 2020, petitioner was indicted on three counts: (1) attempting to disarm a police officer; (2) battery on a law enforcement officer; and (3) obstruction.

Petitioner's trial took place on August 25, 2020. During voir dire, venire member James Hall advised that (1) his aunt had worked for the Bureau of Prisons and was currently a court officer, and (2) two of his cousins worked for the Federal Bureau of Investigation ("FBI"). Petitioner states that his counsel did not question Mr. Hall on voir dire or object to Mr. Hall serving on the jury. Mr. Hall ultimately sat on the jury which found petitioner guilty on all three counts of the indictment.

By order entered October 19, 2020, the circuit court sentenced petitioner to (1) one to five years in prison for attempting to disarm a police officer; (2) twelve months in jail for misdemeanor battery on a law enforcement officer; and (3) twelve months in jail for misdemeanor obstruction. The court ordered the misdemeanor sentences to run concurrently to one another, and consecutively to petitioner's sentence for attempting to disarm a law enforcement officer.

Petitioner now appeals and raises two assignments of error. Petitioner first argues that Ms. Yost provided ineffective assistance because she did not object to Mr. Hall serving on petitioner's jury or question him about his aunt who had worked for the Bureau of Prisons and is now a court officer, or about his cousins who worked for the FBI, to determine if Mr. Hall was biased or prejudiced against him. Petitioner contends that this failure was particularly problematic given that the alleged victim was a law enforcement officer. Petitioner highlights that "[t]he object of jury selection is to secure jurors who are not only free from improper prejudice and bias, but who are also free from the suspicion of improper prejudice or bias." *O'Dell v. Miller*, 211 W. Va. 285, 288, 565 S.E.2d 407, 410 (2002). Petitioner notes that

> a defendant's right to an impartial jury includes the right to an adequate voir dire to identify unqualified jurors. *See Morgan v. Illinois*, 504 U.S. 719, 729–30, 112 S.Ct. 2222, 2230, 119 L.Ed.2d 492, 503 (1992); Syl. pt. 4, *State v. Peacher*, 167 W.Va. 540, 280 S.E.2d 559 (1981). Voir dire must be probing enough to reveal jurors' prejudices regarding issues that may arise at trial so that counsel may exercise their challenges in an informed manner.

*State v. Miller*, 197 W. Va. 588, 603, 476 S.E.2d 535, 550 (1996). Petitioner contends that Ms. Yost could have had no possible strategy that would have led her not to question Mr. Hall about any potential bias or prejudice. Accordingly, he concludes that she provided ineffective assistance in failing to question Mr. Hall on voir dire and to strike him as a juror.

"Traditionally, an ineffective assistance of counsel claim is not cognizable on direct appeal because of the insufficiency of the record from the criminal trial." *State v. Moore*, No. 13-0332, 2013 WL 5708427, at *1 (W. Va. Oct. 21, 2013)(memorandum decision).

In a direct appeal, . . . it is often difficult, if not impossible, for this Court to determine "whether the attorney's performance below was ineffective or merely the result of trial strategy." *State v. Bess*, 185 W.Va. 290, 293, 406 S.E.2d 721, 724 (1991). In past cases, this Court has cautioned that "[i]neffective assistance claims raised on direct appeal are presumptively subject to dismissal." *State v. Miller*, 197 W.Va. 588, 611, 476 S.E.2d 535, 558 (1996). *See City of Philippi v. Weaver*, 208 W.Va. 346, 351, 540 S.E.2d 563, 568 (2000). Such claims are more properly raised in a post-conviction collateral proceeding "to promote development of a factual record sufficient for effective review." *Miller*, 197 W.Va. at 611, 476 S.E.2d at 558. We have explained that

> "[i]t is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim."

Syl. Pt. 10, *State v. Hutchinson*, 215 W.Va. 313, 599 S.E.2d 736 (2004) (quoting Syl. Pt. 10, *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992)).

*State v. Woodson*, 222 W. Va. 607, 621, 671 S.E.2d 438, 452 (2008). Here, because the record is insufficient to review petitioner's claim of ineffective assistance of counsel, it must be dismissed. Thereafter, petitioner "may reassert the ineffective assistance claim in a petition for writ of habeas corpus so that a full development of the record may be made before the trial court." *Id.*

Petitioner's claim regarding juror bias is also not properly before the Court. Petitioner admits that his counsel did not object to Mr. Hall serving on the jury. In fact, petitioner never raised any issue of bias regarding Mr. Hall to the trial court.

> Ordinarily, a defendant who has not proffered a particular claim or defense in the trial court may not unveil it on appeal. Indeed, if any principle is settled in this jurisdiction, it is that, absent the most extraordinary circumstances, legal theories not raised properly in the lower court cannot be broached for the first time on appeal. We have invoked this principle with a near religious fervor. This variant of the "raise or waive" rule cannot be dismissed lightly as a mere technicality. The rule is founded upon important considerations of fairness, judicial economy, and practical wisdom.

*Miller*, 197 W. Va. at 597, 476 S.E.2d at 544. Moreover,

> [w]hen a defendant has knowledge of grounds or reason for a challenge for cause, but fails to challenge a prospective juror for cause or fails to timely assert

3

such a challenge prior to the jury being sworn, the defendant may not raise the issue of a trial court's failure to strike the juror for cause on direct appeal.

Syl. Pt. 5, *State v. Tommy Y., Jr.*, 219 W. Va. 530, 637 S.E.2d 628 (2006).

Despite not being properly before the Court, we nevertheless observe that at petitioner's trial, the court, the State, and petitioner's counsel conducted voir dire of the venire. None of the responses to the questions asked during voir dire indicated that Mr. Hall was unable to sit as an impartial juror. Additionally, neither the State nor the defense moved to strike Mr. Hall from the jury. As noted above, the only evidence petitioner presents in support of his claim that Mr. Hall was biased is that (1) Mr. Hall's aunt had worked for the Bureau of Prisons and is a court officer, and (2) two of his cousins worked for the FBI. "The relevant test for determining whether a juror is biased is 'whether the juror[] . . . had such a fixed opinion that [he or she] could not judge impartially the guilt of the defendant." *Miller*, 197 W. Va. at 605, 476 S.E.2d at 552 (quoting *Patton v. Yount*, 476 U.S. 1025, 1035 (1984) (citations omitted)).

> In determining whether a juror should be excused, our concern is whether the juror holds a particular belief or opinion that prevents or substantially impairs the performance of his or her duties as a juror in accordance with the instructions of the trial court and the jurors' oath. *Wainwright v. Witt*, 469 U.S. 412, 424, 105 S.Ct. 844, 852, 83 L.Ed.2d 841, 851–52 (1985); *Phillips*, 194 W.Va. at 588, 461 S.E.2d at 94. A juror is impartial if he or she can lay aside any previously formed impression or opinion of the parties or the merits of the case and can render a verdict based on the evidence presented at trial. *Irvin v. Dowd*, 366 U.S. 717, 723, 81 S.Ct. 1639, 1643, 6 L.Ed.2d 751, 756 (1961).

*Miller*, 197 W. Va. at 605, 476 S.E.2d at 552. "Actual bias can be shown either by a juror's own admission of bias or by proof of specific facts which show the juror has such prejudice or connection with the parties at trial that bias is presumed." *Id.* at Syl. Pt. 5.

The fact that Mr. Hall's aunt was formerly employed with the Bureau of Prisons and is a court officer, and that his cousins were employed by the FBI, does not, alone, demonstrate any actual bias. Moreover, during voir dire, both the court and the State repeatedly asked the venire whether they were aware of any prejudice or bias that would prevent or interfere with their ability to serve as fair and impartial jurors. Two potential jurors, neither of which was Mr. Hall, admitted biases and, as a result, were removed from the venire for cause. Mr. Hall did not claim to have any prejudice or bias and neither the State nor the defense sought to strike him for cause. In fact, nothing in the record evidences that Mr. Hall was biased against petitioner. Accordingly, we reject this assignment of error.

In petitioner's second assignment of error, he contends that the judge initially assigned to his case erred in denying his motion for new court-appointed counsel. Petitioner argues that his motion should have been granted because he sought new counsel *after* meeting with Ms. Yost, and, thereafter, Ms. Yost moved to withdraw as petitioner's counsel. Petitioner contends that because the circuit court did not hold a hearing on his motion, he was given no opportunity to explain why he wanted new counsel, nor did Ms. Yost have an opportunity to explain why she

filed her motion. Finally, petitioner argues that Ms. Yost should have renewed her motion to withdraw as petitioner's counsel before the second judge assigned to his case who presided over petitioner's trial. Petitioner concludes that he was prejudiced by Ms. Yost's failure to do so.

"Although an indigent criminal defendant has a right to be represented by counsel, he does not have a right to be represented by a particular lawyer, or to demand a different appointed lawyer except for good cause." *Watson v. Black*, 161 W. Va. 46, 52, 239 S.E.2d 664, 668 (1977); *see also State v. Reed*, 223 W. Va. 312, 317, 674 S.E.2d 18, 23 (2009) ("'[A]n indigent criminal defendant may demand different counsel for good cause, such as the existence of a conflict of interest or, if the potential conflict is disclosed in a timely fashion, he may elect to waive his rights and keep the court appointed counsel.' *State v. Reedy*, 177 W.Va. 406, 411, 352 S.E.2d 158, 163 (1986)."). "Good cause for the relief of a court-appointed counsel consists of: (1) a conflict of interest; (2) a complete breakdown in communication with court-appointed counsel after the exhaustion of good faith efforts to work with counsel; or, (3) an irreconcilable conflict which might lead to an unjust verdict." *Watson*, 161 W. Va. at 46, 239 S.E.2d at 665, Syl. Pt. 5. Here, petitioner provided no "good cause" in support of his motion for new counsel. Thus, we find that he was not entitled to alternate court-appointed counsel and, therefore, find no error. For the same reason, we reject petitioner's argument that he was prejudiced when Ms. Yost failed to renew her motion to withdraw before the judge who presided over petitioner's trial. Finally, we note that there is no right to a hearing on a motion to withdraw as counsel. *See* W. Va. Trial Ct. R. 4.03(b) ("[T]he court *may* set the matter for hearing[.]" (Emphasis added.)) Moreover, the approval of such a motion "rest[s] in the sound discretion of the court[.]" *Id.* Accordingly because petitioner failed to identify any persuasive ground upon which his motion for new counsel should have been granted, we find he is entitled to no relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 18, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William D. Wooton