# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-1039** (Wayne County 21-F-76)

**Alexander Thomas Infante,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Alexander Thomas Infante appeals the Circuit Court of Wayne County's November 9, 2021, sentencing order. Respondent, State of West Virginia, filed a response in support of the circuit court's order.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that it is appropriate to issue a memorandum decision dismissing petitioner's appeal. *See* W. Va. R. App. P. 21(c).

This case arises from an incident in which petitioner got into a taxi, threatened the driver with a knife, and forced him to continue driving. Petitioner eventually got out of the vehicle and ran, thereafter getting into a physical altercation with police officers before being apprehended. As a result of this incident, petitioner was charged in a five-count indictment for the following crimes: kidnapping, second-degree robbery, attempting to disarm a law enforcement officer, fleeing from a law enforcement officer other than by the use of a vehicle, and battery on a law enforcement officer.

At a pretrial hearing, petitioner stated that he was dissatisfied with his attorney's performance during plea negotiations. Specifically, petitioner complained that his attorney failed to convince the State to recommend the minimum sentence of ten years in prison for count one, the kidnapping charge. Petitioner had informally agreed to a plea offer in which the State recommended sixteen years in prison for count one but rejected this offer at this pretrial hearing.

After this pretrial hearing, Petitioner entered into a plea agreement in which the State agreed to dismiss the charges of second-degree robbery, fleeing, and battery on a law enforcement officer in exchange for his guilty plea to kidnapping and no contest plea to attempting to disarm a law enforcement officer. In accordance with the plea agreement, the State recommended twenty years in prison for kidnapping, to run concurrently with one to five years in prison for attempting to disarm a law enforcement officer. The State further agreed not to pursue a recidivist enhancement based on petitioner's prior felony conviction. During his plea colloquy with the court, petitioner indicated that he understood the plea agreement, the elements of the offenses to which he pled guilty, and the rights he waived by accepting the plea agreement. Petitioner denied having

---

[1] Petitioner appears by counsel Tyler C. Haslam. Respondent appears by Attorney General Patrick Morrisey and Assistant Attorney General Andrea Neese Proper.

1

any complaints about his lawyer's representation. At the conclusion of petitioner's plea hearing, the court found petitioner voluntarily and intelligently entered into the plea agreement, and Petitioner does not allege otherwise.

On appeal, petitioner seeks to vacate his guilty plea and sentence, alleging that his attorney provided ineffective assistance of counsel during plea negotiations. When a defendant claims ineffective assistance of counsel, he must "prove two things: (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would be have been different.'" *State v. Miller*, 194 W. Va. 3, 15, 459 S.E.2d 114, 126 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "When assessing whether counsel's performance was deficient, we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]'" *Miller*, 194 W. Va. at 15, 459 S.E.2d at 126 (quoting *Strickland*, 466 U.S. at 689)). Further,

> [i]n cases involving a criminal conviction based upon a guilty plea, the prejudice requirement of the two-part test established by *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), demands that a habeas petitioner show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Syl. Pt. 9, in part, *Montgomery v. Ames*, 241 W. Va. 615, 827 S.E.2d 403, 405 (2019) (citing Syl. Pt. 6, *State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 528 S.E.2d 207 (1999)).

Petitioner improperly presents his ineffective assistance of counsel claim for the first time on direct appeal. "Ineffective assistance claims raised on direct appeal are presumptively subject to dismissal. Such claims should be raised in a collateral proceeding rather than on direct appeal to promote development of a factual record sufficient for effective review." *State v. Miller*, 197 W. Va. 588, 611, 476 S.E.2d 535, 558 (1996); *City of Philippi v. Weaver*, 208 W. Va. 346, 351, 540 S.E.2d 563, 568 (2000) ("This Court has consistently held that claims of ineffective assistance of counsel are not properly raised on direct appeal."). Lacking an adequate record, this Court is unable to adequately evaluate petitioner's claim of ineffective assistance of counsel.

For the foregoing reasons, we dismiss this appeal.

Dismissed.

**ISSUED:** October 18, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn