**FILED**
**January 25, 2024**
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-0403** (Harrison County 21-F-40-2)

**Caleb James Sidun,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Caleb James Sidun appeals the Circuit Court of Harrison County's April 20, 2022, order sentencing him to two years in prison for wanton endangerment involving a firearm, concurrent with one year in jail for battery.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

On appeal, petitioner raises three assignments of error, claiming: 1) the circuit court erred in denying his motions for judgment of acquittal, 2) the circuit court erred during jury selection when it did not strike some potential jurors for cause, and 3) petitioner received ineffective assistance of counsel.

On February 26, 2020, petitioner and his girlfriend, Melissa Polk, visited the victim at his apartment in Bridgeport, West Virginia. The victim and Polk were previously in a relationship and had a child together. While in the victim's apartment, petitioner accused the victim of wanting "to continue a romantic relationship" with Polk, which the victim denied. Petitioner became agitated and hit the victim on the head with a tire iron he brought into the victim's apartment. The victim tried to grab the tire iron, causing both men to fall to the floor in a "wrestling match." While wrestling with the victim, petitioner retrieved a pistol from his pants and the victim repeatedly screamed "he's got a gun." The victim and petitioner struggled for control of the pistol. Petitioner managed to gain control of it and pointed it at the victim. The victim thought petitioner was "going to rack a bullet in the chamber," but he did not. Instead, petitioner hit the victim on the head with the pistol. Petitioner fled the scene with Polk. After they left, the victim called 9-1-1 and reported that petitioner came to his apartment, drew a firearm, and struck him. Around the same time, the victim's neighbor called 9-1-1, reported people screaming, and stated, "[s]omeone allegedly had a

---

[1] Petitioner appears by counsel Ryan C. Shreve. Respondent appears by Attorney General Patrick Morrisey and Assistant Attorney General Lara K. Bissett.

gun." Petitioner was later arrested and indicted in the Circuit Court of Harrison County for wanton endangerment with a firearm and battery.

At trial, Sergeant Brian Deem of the Harrison County Sheriff's Department testified that when he arrived at the scene, he observed the victim had carpet burns on his elbow and hand from the "wrestling match" over the gun, and the victim's head was cut and bleeding. Sgt. Deem also observed a "busted" closet door inside the apartment, which he determined was physical evidence of the altercation. The tire iron used by petitioner was still in the victim's apartment, and Sgt. Deem collected it as evidence; the gun was not located. Sgt. Deem also took the victim's statement, which was substantially consistent with the victim's testimony at trial.

Further, the State introduced recordings of calls made by petitioner from jail, in which he admitted, "I was wrong for bringing the tire iron in," but he denied having a gun. Under oath, Polk admitted that petitioner hit the victim with a tire iron and recalled the victim "yelling that [petitioner] had a gun," but she denied that petitioner had a gun at the time. After the State rested its case, petitioner moved for a judgment of acquittal on the charge of wanton endangerment. The circuit court rejected petitioner's motion, finding the State presented substantial evidence that petitioner's actions with the gun created a substantial risk of death or serious bodily injury. The jury convicted petitioner of battery and wanton endangerment involving a firearm. The circuit court sentenced petitioner to two years in prison for wanton endangerment, to be served concurrently with one year in jail for battery. Petitioner appeals from this sentencing order.

In his first assignment of error, petitioner argues the circuit court erred in denying his motion for judgment of acquittal because there was insufficient evidence of wanton endangerment. Petitioner argues that the victim's testimony was that the gun was not cocked or ready to fire. Thus, the evidence was that the gun "was not in a fireable position" and could not have created a substantial risk of serious bodily injury or death, which is required to commit wanton endangerment involving a firearm. *See* W. Va. Code § 61-7-12. "The Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W. Va. 492, 497, 711 S.E.2d 562, 567 (2011). Moreover,

> [t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995). Further,

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be

inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

*Id.* at 663, 461 S.E.2d at 169, Syl. Pt. 3, in part; *see also State v. Boyd*, 238 W. Va. 420, 431, 796 S.E.2d 207, 218 (2017) (holding that "'[i]t is now well recognized and firmly settled that proof of guilt may be established by circumstantial evidence. . . .'") (quoting *State v. Bailey*, 151 W. Va. 796, 804, 155 S.E.2d 850, 855 (1967)).

Petitioner's claim that he used the pistol "as a blunt instrument, and not as a firearm" is inapposite, because wanton endangerment is defined as "*any act* with a firearm which creates a substantial risk of death or serious bodily injury." W. Va. Code § 61-7-12 (emphasis added). The State did not need to prove that the firearm was in a "fireable position" because this is not an element of wanton endangerment. Syl. Pt. 5, *State v. Hulbert*, 209 W. Va. 217, 544 S.E.2d 919 (2001). In *Hulbert*, this Court found sufficient evidence of wanton endangerment where the defendant displayed a rifle and threatened to kill his wife and children. 209 W. Va. at 228, 544 S.E.2d at 930.

Viewed in the light most favorable to the State, we find sufficient evidence for the jury to conclude that petitioner pointed a pistol at the victim and struck him in the head with it, which created a substantial risk of death or serious bodily injury. The jury heard evidence that petitioner entered the victim's apartment and confronted him about his relationship with Melissa Polk. During the confrontation, petitioner attempted to pull a pistol out of his pants and struggled with the victim over possession of the pistol. Once petitioner gained possession of the pistol, he pointed it at the victim and hit him in the head with it. Both the victim and his neighbor called 911 about a disturbance involving a gun. Considering the circumstances, the jurors could reasonably find that petitioner's actions with the pistol created a substantial risk of death or serious bodily injury. Thus, we conclude petitioner's first assignment of error concerning sufficiency of evidence is without merit.

In his second assignment of error, petitioner argues the circuit court erred during voir dire when it failed to strike some prospective jurors for cause. This Court finds petitioner waived this argument. Petitioner did not move to strike any of these prospective jurors, even though he alleges in his brief there was cause to do so.

When a defendant has knowledge of grounds or reason for a challenge for cause, but fails to challenge a prospective juror for cause or fails to timely assert such a challenge prior to the jury being sworn, the defendant may not raise the issue of a trial court's failure to strike the juror for cause on direct appeal.

Syl. Pt. 5, *State v. Tommy Y.*, 219 W. Va. 530, 637 S.E.2d 628 (2006). "The proper time to make a challenge for cause is before the jur[y] is sworn to try the issue." *Id.* at 539, 637 S.E.2d at 637 (citation omitted). Because petitioner did not object to these jurors before the jury was empaneled, he waived his right to complain of the jury's composition on direct appeal. Thus, we need not

determine whether the jurors should have been removed for cause, and we reject petitioner's second assignment of error.

In his third assignment of error, petitioner claims he received ineffective assistance of counsel. Specifically, he argues that trial counsel provided inadequate advice regarding the merits of petitioner's defense and the favorability of a plea offer, in addition to failing to file a motion for new trial. When a defendant claims ineffective assistance of counsel, he must "prove two things: (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would be have been different.'" *State v. Miller*, 194 W. Va. 3, 15, 459 S.E.2d 114, 126 (1995) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

Petitioner improperly presents his claim of ineffective assistance of counsel claim for the first time on direct appeal. "Ineffective assistance claims raised on direct appeal are presumptively subject to dismissal. . . . Such claims should be raised in a collateral proceeding rather than on direct appeal to promote development of a factual record sufficient for effective review." *State v. Miller*, 197 W. Va. 588, 611, 476 S.E.2d 535, 558 (1996); *City of Philippi v. Weaver*, 208 W. Va. 346, 351, 540 S.E.2d 563, 568 (2000) ("This Court has consistently held that claims of ineffective assistance of counsel are not properly raised on direct appeal."). Further, "[w]hen the critical component of a fully developed record is missing, an ineffective assistance claim is all but guaranteed to be denied due to the "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *State v. Frye*, 221 W. Va. 154, 157, 650 S.E.2d 574, 577 (2006) (quoting *Miller*, 194 W. Va. at 15, 459 S.E.2d at 126 and *Strickland*, 466 U.S. at 689). Petitioner has not filed a petition for writ of habeas corpus, and there has been no omnibus habeas corpus hearing to develop petitioner's claim of ineffective assistance of counsel. Thus, the record before this Court is insufficient to review this claim.

Given the applicable standard and the strong presumption in cases alleging ineffective assistance of counsel, we conclude, as in *Miller*, that "we intelligently cannot determine the merits of this ineffective assistance claim without an adequate record giving trial counsel the courtesy of being able to explain his trial actions." *Id.* at 17, 459 S.E.2d at 128. Because we are not deciding the issue of ineffective assistance of counsel on the merits, there is no final adjudication of petitioner's claim of ineffective assistance of counsel and petitioner is not barred from seeking habeas corpus relief on this issue in circuit court. W. Va. Code § 53-4A-1; *Frye*, 221 W. Va. at 158, 650 S.E.2d at 578.

Based on the foregoing, this Court affirms the Circuit Court of Harrison County's April 20, 2022, sentencing order.

Affirmed.

**ISSUED:** January 25, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead

Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn